LEONARD HODGES

v.

ELIZABETH BEARSE.

*Filed at Ottawa May 16, 1889.*

1. APPEALS—*reviewing the facts.* In an action on the case for a personal injury resulting from alleged negligence, if there is evidence tending to support the verdict of the jury, the propriety of their finding is not open to consideration in this court.

2. EVIDENCE—*to rebut negligence—no previous accident had happened.* In an action for a personal injury from negligence in the construction and operating of an elevator in a building, and in failing to employ a competent person to manage and operate the same, the defendant offered to prove that no accident of any kind had happened to the elevator, previous to the one in question, during the four and a half years it had been in use, which the court refused to allow: *Held*, that the evidence was properly excluded, as it did not tend to rebut the evidence of negligence in the particular instance.

3. PRACTICE—*directing what the verdict shall be.* Where there is evidence tending to prove the plaintiff's case, or sufficient to present a proper case to the jury, an instruction to find for the defendant will be properly refused.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. STILES & LEWIS, for the appellant:

The court erred in not excluding the plaintiff's evidence from the jury, and in refusing to instruct the jury to find for the defendant.

The obligation resting upon an owner is, that reasonable care and skill have been exercised to render the premises reasonably fit for the uses which he has invited others to make of them. *Ritterman* v. *Ropes*, 51 N. Y. 25; *Lorney* v. *McLean*, 129 Mass. 33; *Henkel* v. *Murr*, 31 Hun, 28; *Manufacturing Co.* v. *Ballou*, 71 Ill. 417; Cooley on Torts, 551.

The refusal to permit the defendant to show that the elevator had run since the building was put up, a period of four years and a half, without an accident of any kind, was error. This evidence was important, as bearing on the question of negligence. *Sinton* v. *Butler*, 40 Ohio St. 158.

The action of the court below, in itself fixing the amount of damages, and compelling a *remittitur* to that amount, instead of granting a new trial, was error. *Railway Co.* v. *Cummings*, 20 Bradw. 333.

Messrs. BRANDT & HOFFMAN, and Mr. JOSEPH N. BARKER, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Elizabeth Bearse against Leonard Hodges, to recover damages for a personal injury received by the plaintiff by means of the fall of a passenger elevator on the premises of the defendant. On the 17th day of December, 1886, the date of the injury, the defendant was, and for several years had been, the owner of a large five-story brick tenement house on the corner of Indiana avenue and Twenty-second street, Chicago. The upper stories of said building were divided into apartments, which were usually rented to and occupied by tenants, and at the date of said injury, the plaintiff and her sister were tenants of the defendant occupying rooms in the fifth story of said building. For the convenience of his tenants and others desiring to use it, the defendant had caused a passenger elevator to be constructed in said building, and the same was being operated by one of the defendant's employes. On the evening of the day above mentioned, the plaintiff and her sister, for the purpose of being conveyed to the fifth floor of the building, entered said elevator, and while they were going up, the elevator proved to be unmanageable, so that the employe in charge was unable to stop

it, and it continued on until it collided with the works over-head, and then fell, seriously injuring the plaintiff.

The declaration charges negligence in the defendant in failing to provide a strong, substantial and safe elevator, with proper safety appliances and machinery attached, in failing to employ safe and trustworthy servants and agents to manage the same, and also negligence on the part of the servant in charge of the elevator in not using proper care and diligence in running and operating it. The defendant pleaded not guilty, and on trial before the court and a jury, the issues were found for the plaintiff, and her damages assessed at $10,000. From this sum the plaintiff remitted $3000, and the court, after denying the defendant's motion for a new trial, gave judgment in favor of the plaintiff for $7000 and costs. On appeal to the Appellate Court said judgment was affirmed, and by a further appeal the record is now brought to this court.

The counsel for the defendant strenuously insisted in the trial court, and insist here, that there is no evidence which, when properly construed, has a tendency to sustain the charges of negligence made by the declaration. We have given their argument on this point careful consideration, and are clearly of the opinion that their contention can not be sustained. It would serve no useful purpose for us to analyze the evidence in detail, and we shall therefore content ourselves with saying that it was manifestly sufficient to present a proper case for the jury, and that the trial court ruled correctly in refusing to instruct the jury to find a verdict for the defendant. The jury having found the defendant guilty, and there being evidence tending to support their verdict, the propriety of their finding is not a question open for consideration in this court.

Counsel for the defendant, in their brief, suggest rather than argue two or three points arising upon certain rulings of the court during the progress of the trial. The first of these arises upon the refusal of the court to allow the defendant to prove by his witnesses that no accident of any kind had happened

to the elevator previous to the one in question, during the four and a half years it had been in use. We are unable to see how the evidence thus excluded could be in any degree, material. The evidence in relation to the negligent and improper construction of the elevator and its appurtenances would not be rebutted by proof that such construction had never before happened to result in an accident, nor would the evidence as to the want of skill or the negligence of the employe in charge of the elevator be met by proof that he had never before suffered any disaster. Such evidence would only tend to distract the attention of the jury by raising a multitude of collateral issues having no material bearing upon the questions to be decided.

It is also suggested that the court erred in refusing five of the instructions asked by the defendant, and in modifying two of those asked by him and giving them to the jury so modified. We are favored however with no argument on this point beyond the bare suggestion. In examining the instructions given, we find that seventeen were given at the instance of the defendant, including the two the modification of which is complained of. In those instructions the law was given to the jury with great fulness, and quite as favorably to the defendant as he had a right to ask. The instructions refused, so far as they enunciated correct propositions of law applicable to the case, are embodied, in substance, in those given. The modified instructions are undoubtedly correct as given. In one the modification does not materially change its legal purport, but only serves to make its meaning more perspicuous, while the other, before the modification was made, was erroneous.

None of the points made by counsel in their briefs can be sustained, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*