### LA DUE *v.* TOWNSHIP OF LEBANON.

1. MUNICIPAL CORPORATIONS—TOWNSHIPS — HIGHWAYS — EVIDENCE —PREVIOUS CONDITION OF HIGHWAY—NOTICE.

    In an action against a township for personal injuries claimed to have been received as the result of the defective condition of a public highway, testimony showing the condition of the highway for several months before the accident was admissible for the purpose of establishing constructive notice to the township officials.

2. EVIDENCE—DAMAGES—TESTIMONY AS TO PLAINTIFF'S CONDITION.

    Testimony by plaintiff's employer as to plaintiff's disability to do as good or strenuous work after the accident as before, and by plaintiff's wife that he was not as strong after the accident as before, *held*, properly admitted.

3. MUNICIPAL CORPORATIONS—HIGHWAYS—EVIDENCE THAT CLAIMED DEFECT HAS BEEN REMEDIED NOT ADMISSIBLE.

    That a defective barrier along the side of the highway has been replaced by a more substantial one since the accident, may not be shown by plaintiff; nor does it appear from the record that the door to such evidence was opened by defendant's attorney, in his cross-examination of plaintiff.

On question of liability of township for defects in highway, see notes in 13 L. R. A. (N. S.) 1219; 20 L. R. A. (N. S.) 667, 732; 32 L. R. A. (N. S.) 1084.

4. SAME—EVIDENCE—PURPOSE—NEGLIGENCE—ADMISSIONS.

The introduction by defendant of photographs showing a substantial barrier may be met by plaintiff by evidence that it has been erected since the accident, but it may not be treated as an admission of negligence.

5. SAME—NOTICE—NEGATIVE TESTIMONY NOT ADMISSIBLE. .

While testimony of officers of the township that they had never heard of any prior accident on the highway at the place of the accident sued on was admissible on the question of notice, such testimony from residents of the vicinage was not admissible for the purpose of showing absence of negligence.

6. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

The questions of defendant's negligence and of plaintiff's contributory negligence, held, for the jury, under conflicting testimony.

7. TRIAL—INFERENCES MOST FAVORABLE TO PLAINTIFF ACCEPTED ON MOTION TO DIRECT VERDICT AGAINST HIM.

Legitimate inferences most favorable to plaintiff must be accepted, on a motion to direct a verdict against him.

8. MUNICIPAL CORPORATIONS—HIGHWAYS—LIABILITY FOR DEFECTS —FAULTY CONSTRUCTION.

In view of Act No. 264, Pub. Acts 1887, providing for recovery of damages caused by defective highway, a township may not avoid liability because it followed a defective plan of construction of the highway at the point of the accident.

9. TRIAL — INSTRUCTIONS — REQUESTED INSTRUCTION—APPEAL AND . ERROR.

Where the trial judge gave defendant's requested instruction as to its duty to erect barriers along the side of the highway, it may not complain that said instructions were not more complete, in the absence of a request for more specific instructions thereon.

Error to Clinton; Moinet (Edward J.), J.   Submitted January 30, 1923.   (Docket No. 74.)   Decided March 22, 1923.

Case by Burt La Due against the township of

Lebanon for personal injuries.   Judgment for plaintiff.    Defendant brings error.    Reversed.

*Walbridge & Fehling* (*R. A. Hawley,* of counsel), for appellant.

*Mathews & Montigel* and *Charles H. Goggin,* for appellee.

FELLOWS, J.   Running south from Carson City is a main traveled highway to Hubbardston, Matherton, Pewamo and Portland.    A portion of it is on the line between Clinton and Ionia counties. As it runs out of Hubbardston, it is entirely within the township of Lebanon, Clinton county.    Shortly after leaving Hubbardston the road is constructed by excavating sufficient to make a highway on the westerly side of a hill; the contour of the hill is circular and the road does not run in a straight line; the dirt bluff or bank being on the easterly side, and on the westerly side the declivity or slope runs down to the bottom lands of Fish creek.    On March 22, 1920, plaintiff was in the employ of the Lewellyn Bean Company and lived at Carson City.    He bought hay and grain for the company and his work took him out in the country. He owned and drove an automobile.    On this particular day he left home early in the morning bound for Pewamo over this highway.    In going up the highway where it was dug out of the side of the hill, plaintiff's machine was precipitated over the right-hand bank, rolling down hill.    He received serious injuries and in this action recovered verdict and judgment for $1,500, which judgment is here reviewed by the township.

It was the claim of the plaintiff that he drove carefully up the hill on the right side of the road following a rut at a moderate rate of speed and that the accident was caused by his wheel striking or dropping into

a gully or ravine several inches in depth running across the highway and cut there by water flowing across the road and running down the bank, and that this threw his machine to the right, breaking a decayed and useless barrier and rolling down hill. His claim is that the gutters or ravines running across the highway were of long standing, that the barrier was decayed and useless, and that the highway was not reasonably safe for public travel. The township denied the existence of gutters or ravines running across the road, insisted that the surface water flowed to the east and down a ditch on that side of the highway, insisted the highway was reasonably safe for travel, and denied the accident occurred as plaintiff claims it did. There was testimony sustaining the claims of both parties.

There are 63 assignments of error all of which are insisted upon and discussed. We can not, of course, take up each one and discuss it at length, nor shall we attempt to amplify discussion of unimportant questions raised. Such questions as are apt to arise on a new trial will, however, be noticed.

There was no error in receiving testimony showing the condition of this highway for several months before the accident. This testimony was admissible for the purpose of establishing constructive notice to the township officials. Nor was it error to permit the man under whom plaintiff worked both before and after the accident to testify to his disability to do as good or as strenuous work after the accident as before, or to permit plaintiff's wife to testify that he was not as strong after the accident as before. *Langworthy* v. *Township of Green*, 88 Mich. 207.

Both parties had procured photographs of the scene of the accident. These photographs have been returned. They show the old barrier; that it has been replaced by another since the accident; in fact,

they disclose a substantial barrier along the side of the road when the photographs were taken. Those taken by plaintiff were identified but not immediately received in evidence. Attorneys for both parties apparently had the rule, announced in numerous cases, in mind that it is improper to show repairs by the township subsequent to the accident. Just before the plaintiff closed his case and after a recross-examination of plaintiff, his counsel, upon the theory that defendant's counsel had opened the door, was permitted to show the erection of the new barrier after the accident. We do not understand that plaintiff's counsel contend that primarily they had the right to show such subsequent repairs. This court has spoken frequently on the subject but the language of Justice McGRATH in *Langworthy* v. *Township of Green, supra,* is particularly applicable. He there said:

"Plaintiff called as a witness one Fryburg, who testified that he was overseer of highways of this road district in 1889, and who was permitted to testify, under objection, that he cut off the exposed portion of the log in June, 1889. This was error. The evident purpose was to show that the township admitted by this act the defect, the dangerous character of this obstruction, and that the road was not reasonably safe by reason of its existence. After an accident a precaution may be taken which did not suggest itself before the accident, and, in the absence of any instructions from the court guarding the jury against the use of such testimony as an admission on the part of the township, the admission of the testimony is ground for reversal."

We have read and re-read the cross-examination of the plaintiff by defendant's counsel and we are unable to find in the record, and by it we must be bound, any cross-examination which opened the door for this proof or which dealt with the question of the new

222—Mich.—20.

barrier or which justified the admission of this testimony. For this error the case must go back for another trial, and we deem it proper to say that should defendant introduce the photographs which are before us showing a substantial barrier, plaintiff should then be permitted to show that it has been erected since the accident, and the jury should be cautioned that such fact is not to be taken as evidence of negligence, or an admission of negligence on the part of the defendant. What we have said about the barrier is applicable to the retaining wall or pile of stone. Plaintiff's claim that this existed at the time of the accident may doubtless be made more definite upon another trial.

The trial judge permitted the officers of defendant township to testify that they had never heard of an accident on this hill, but declined to receive such testimony from others. Error is assigned on the latter ruling. We think it was correct. The holdings of this court have not been uniform upon the right to prove prior similar accidents at the same place for the purpose of establishing negligence. We need not review all the authorities. In *Gregory* v. *Railway*, 138 Mich. 368, it was held that such proof was only admissible to show notice. But this case was expressly overruled by the case of *Woodworth* v. *Railway*, 153 Mich. 108, in which it was held that such proof was admissible to prove negligence. However, in *Larned* v. *Vanderlinde*, 165 Mich. 464, written after the *Woodworth Case*, it was definitely held that negative testimony was not admissible, that it would not be competent to prove absence of accidents to show absence of negligence. In the recent case of *Werney* v. *Reid*, 219 Mich. 257, where defendant had been permitted to testify that he had never had an accident before—evidence of habit—it was held that such testimony was not so prejudicial as to demand a reversal.

Here it was sought to introduce negative testimony from residents of the vicinage that they had never heard of prior accidents at this point. Such testimony was not admissible.

The questions of defendant's negligence and of plaintiff's contributory negligence were for the jury under the conflicting testimony. We recognize the greater probative force of actual measurements over estimates of witnesses, but Mr. Belnap, the engineer called by defendant, did not make his survey until the following year, and under the well-recognized rule that the testimony and its legitimate inferences most favorable to the plaintiff must be accepted on a motion to direct a verdict against him, we agree with the trial court that the case was one for the jury. The contention of defendant's counsel that it can not be held liable for a defective plan of construction of the highway should be noted. The cases so holding cited by counsel were all written before the enactment of Act No. 244, Pub. Acts 1879, superseded by Act No. 264, Pub. Acts 1887. In *Malloy* v. *Township of Walker,* 77 Mich. 448 (6 L. R. A. 695), Mr. Justice LONG fully considered the early cases in this court, the cases from other jurisdictions and concluded (we quote from the syllabus) :

"The statute requiring townships to keep their highways in repair cannot be so construed as to relieve from liability by saying that the township had adopted a method of construction, and had built according to the plan.

"A municipality cannot construct a dangerous and unsafe road,—one not safe and convenient for public travel,—and shield itself behind its legislative power to adopt a plan and method of building and constructing in accordance therewith."

In the instant case the trial judge quite properly instructed the jury at the request of defendant's counsel:

"So in this case at the point of the accident where the highway extends along a high embankment, the township is only required to exercise that degree of care which common prudence dictates in view of an unusual danger, as necessary to reasonable safety in the ordinary use of the highway at that point, and in that regard I charge you that it is not necessary, at such a place, to erect guard rails or barriers sufficiently strong to stop an automobile running at a high rate of speed."

It is possible that the trial judge might with propriety have more fully instructed the jury as to when and under what circumstances a proper barrier should have been maintained, but, in the absence of a request for more specific instructions on that subject, we need not discuss the question.

For the error pointed out the case must be reversed with a new trial, and with costs of this court to defendant.

WIEST, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. MCDONALD, J., did not sit.