## GRUBAUGH v CITY OF ST. JOHNS

1. PLEADING—LOSS OF CONSORTIUM—AMENDMENTS—RELATION BACK—
COURT RULES.

   A claim for loss of consortium which is brought by an amend-
   ment to the pleadings relates back to the date of the original
   pleading where the loss has arisen out of the same occurrence
   set forth in the original pleading (GCR 1963, 118.4).

2. EVIDENCE—WITNESSES—TESTIMONY—RELEVANCE—MATERIAL FACTS
—PROBATIVE VALUE.

   Testimony is relevant if it has a legitimate tendency to establish
   or disprove a material fact; relevant evidence may be excluded
   if its probative value is outweighed by other factors.

3. HIGHWAYS—DEFECTS—KNOWLEDGE—STATUTES.

   The statute regarding a governmental agency's liability for defec-
   tive highways provides that a governmental agency is not liable
   for an unsafe condition unless it knew or should have known of
   the unsafe condition (MCLA 691.1403; MSA 3.996[103]).

4. HIGHWAYS—INTERSECTIONS—EVIDENCE—PRIOR ACCIDENTS—TRAFFIC
SIGNS—RELEVANCE—MATERIAL ISSUES.

   The prior accident history of an intersection is a relevant consid-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading § 336.

[2] 29 Am Jur 2d, Evidence §§ 249, 251–257.

[3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 17, 20, 417.

[4] 39 Am Jur 2d, Highways, Streets, and Bridges § 400.
   40 Am Jur 2d, Highways, Streets, and Bridges § 601.
   Admissibility, on issue of defendant's negligence in respect of
      condition of place where plaintiff was injured, of evidence of prior
      accidents or injuries at same place. 70 ALR2d 167.

[5] 40 Am Jur 2d, Highways, Streets, and Bridges §§ 596, 602.
   Admissibility of evidence of absence of other accidents or injuries at
      place where injury or damage occurred. 31 ALR2d 190.

[6] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 398, 400.

[7] 40 Am Jur 2d, Highways, Streets, and Bridges § 597.
   Safety of condition, place, or appliance as proper subject of expert
      or opinion evidence in tort actions. 62 ALR2d 1426.

[8] 57 Am Jur 2d, Negligence § 300.

[9] 5 Am Jur 2d, Appeal and Error §§ 630, 713, 719, 721.

eration in the determination of whether the intersection should have a traffic sign or signs; such evidence is relevant in an action for damages for injuries sustained in an automobile accident where the plaintiffs' theory of recovery was that the intersection where the accident occurred was unsafe without signs and where the defendant city conceded that it knew that the intersection had no signs; the city's notice of the unsafe condition was not a material issue, but whether the intersection was in fact unsafe without the signs was a material issue.

5. APPEAL AND ERROR—HIGHWAYS—INTERSECTIONS—LACK OF ACCIDENTS—TRAFFIC SIGNS—PRIOR ACCIDENTS—PROBATIVE VALUE.

A trial court properly excluded evidence in an action for damages for injuries sustained in an automobile accident allegedly caused by an unsafe condition on a city's streets, which evidence would show that the police department of the defendant city had no record of any accident having occurred at the intersection for 12 years prior to the instant accident where the accident history, while relevant, was unnecessary for resolution of the issue of whether the intersection was unsafe and a need for traffic control devices was patent.

6. APPEAL AND ERROR—ABUSE OF DISCRETION—TRAFFIC DEVICES—INTERSECTIONS—STATUTES.

A trial court did not abuse its discretion in an action for damages for injuries sustained in an automobile accident allegedly caused by an unsafe condition on a city's streets in admitting into evidence the Manual of Uniform Traffic Control Devices promulgated pursuant to statute to show the availability of signs designed for "T" intersections which would make such intersections more safe, where such evidence would tend to establish that the "T" intersection involved in the instant action was unsafe without such signs (MCLA 257.608; MSA 9.2308).

7. WITNESSES—EXPERT WITNESSES—HIGHWAYS—PRESUMPTIONS—COUNSEL'S ARGUMENTS.

The failure of a defendant city to produce any expert witness to testify regarding the intersection where an accident allegedly caused by an unsafe condition of the city's streets occurred does not give rise to a presumption that no expert would testify that the intersection was safe; such issue may properly be left to argument by trial counsel.

8. TRIAL—INSTRUCTIONS TO JURY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

A defendant's request for an instruction regarding a plaintiff's

contributory negligence is properly denied where there is no evidence of conduct which would indicate contributory negligence.

9. Trial—Instructions to Jury—Objections—Appeal and Error— Invited Errors.

A trial court's error in permitting the jury to commence deliberation before the defendant had completed placing its objections to the jury instructions on the record cannot be asserted by the defendant as a basis for reversal on appeal where the error was invited by defense counsel.

Appeal from Clinton, Leo W. Corkin, J. Submitted January 11, 1978, at Lansing. (Docket No. 31315.) Decided April 3, 1978. Leave to appeal applied for.

Complaint by Bruce Grubaugh against the City of St. Johns for injuries sustained as a result of defendant's failure to keep its streets in reasonable repair so that they were reasonably safe and fit for public travel. Complaint dismissed. Plaintiff appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Reversed and remanded for trial, 384 Mich 165 (1970). Prior to trial the trial court granted plaintiff's motion to amend his complaint to add his wife, Jean Grubaugh, as a party plaintiff and to assert a claim for loss of consortium. On remand, judgment for plaintiffs. Defendant appeals. Affirmed.

*Cicinelli, Mossner, Majoros & Alexander, P. C.,* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster* (by *Eugene F. Townsend, Jr.,* and *Gregory J. Guggemos),* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and
R. E. A. BOYLE,* JJ.

R. B. BURNS, J. In this negligence action a jury
returned a verdict in favor of plaintiffs Bruce
Grubaugh and his wife Jean. Defendant city ap-
peals, and we affirm.

This action arose out of an automobile accident
which occurred in defendant city on a hazy March
night in 1961. Bruce Grubaugh was a passenger in
an automobile driven by Richard Grubaugh, north-
bound on Ottawa Street. Ottawa Street ends in a
"T" intersection with Floral Avenue. As Richard
approached the intersection, he struck a chuck-
hole, which splashed water on the windshield. A
second or so later the automobile passed straight
through the intersection and struck a tree. Rich-
ard did not realize the street ended and did not see
the tree. Bruce brought suit in 1963 on the theory
that the city was negligent in failing to provide a
traffic control device to warn of the "T" intersec-
tion. Initial procedural difficulties ultimately cul-
minated in a remand for trial by the Supreme
Court. *Grubaugh v City of St Johns,* 384 Mich 165;
180 NW2d 778 (1970). It is from the judgment
entered pursuant to the jury verdict in that trial
that defendant now appeals.

Prior to trial the trial court granted Bruce
Grubaugh's motion to amend his complaint to add
his wife Jean as a party plaintiff and assert loss of
consortium, and ruled that the amendment related
back to the time the original complaint was filed
and was not, therefore, barred by the statute of
limitations. Defendant's argument that the claim
for loss of consortium cannot relate back is with-
out merit, the loss having arisen out of the same

---

* Circuit judge, sitting on the Court of Appeals by assignment.

occurrence set forth in the original pleading. GCR 1963, 118.4, see *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), *Plowman v Satkowiak,* 22 Mich App 425; 177 NW2d 641 (1970), *cf. Hockett v American Airlines, Inc,* 357 F Supp 1343 (ND Ill, 1973).

The trial court excluded testimony presented by defendant that its police department had no record of any accident having occurred at the intersection for 12 years prior to the instant accident, citing *Larned v Vanderlinde,* 165 Mich 464, 468; 131 NW 165, 166 (1911), and *McAuliff v Gabriel,* 34 Mich App 344, 349–350; 191 NW2d 128, 131 (1971). Defendant argues that this testimony should have been admitted because it was relevant as to the issues of whether it had notice that the intersection was unsafe and as to whether the intersection was in fact unsafe.

Testimony is relevant if it has a legitimate tendency to establish or disprove a material fact. See, *e.g., People v Nichols,* 341 Mich 311, 331; 67 NW2d 230, 232 (1954), *People v Becker,* 300 Mich 562, 565; 2 NW2d 503, 505; 139 ALR 1171, 1173 (1942). Defendant was not liable for an injury caused by an unsafe condition unless it knew or should have known of the unsafe condition. MCLA 691.1403; MSA 3.996(103). Defendant contends that the absence of accidents would tend to prove that it was unaware of the unsafe condition. However, plaintiffs' theory of recovery was that the intersection was unsafe without signs, and defendant conceded that it knew the intersection had no signs. Notice of the unsafe condition was therefore not a material issue. However, whether the intersection was in fact unsafe was a material issue, and, as admitted by plaintiffs' expert witness, the prior accident history of an intersection is a rele-

vant consideration in the determination of whether an intersection should have a sign or signs. The testimony was therefore relevant.

Relevant evidence may be excluded if its probative value is outweighed by other factors. See, *e.g., People v DerMartzex,* 390 Mich 410, 415; 213 NW2d 97, 100 (1973). It has long been established in Michigan that evidence of the absence of previous accidents should not be admitted to prove absence of negligence. In *Langworthy v Green Twp,* 88 Mich 207, 215; 50 NW 130, 132 (1891), the Supreme Court held that the lower court properly excluded testimony as to whether the witness had ever known of anyone being injured previously upon an obstruction, citing *Hodges v Bearse,* 129 Ill 87; 21 NE 613 (1889), without comment. In *Hodges,* a lower court's refusal to admit evidence of an elevator's accident-free history was upheld, the Court finding such evidence immaterial because it would not rebut evidence of negligent construction and operation, and because it would distract the jury with collateral issues. In *Larned v Vanderlinde, supra,* our Supreme Court held that testimony that there had been no prior accident in nine years from an allegedly defective stairway was improperly admitted. The Court observed that evidence of previous accidents was not admissible to prove negligence because it would raise collateral issues, and stated that under that rule the converse would also be true—absence of accidents was not admissible to show absence of negligence. In *La Due v Lebanon Twp,* 222 Mich 301, 306–307; 192 NW 636, 638 (1923), testimony by witnesses that they had never heard of an accident on a hill previously was held properly excluded, the Court characterizing the testimony as negative evidence. This Court also characterized

such testimony as negative evidence in *McAuliff v Gabriel, supra,* but found that evidence that others had safely negotiated an allegedly dangerous area was properly admitted only as to the issue of the condition of the area at the time of the accident.

The above cases indicate that the trial court did not err in the instant case. However, defendant argues that the above cases have been overruled by implication. *Larned v Vanderlinde, supra,* equated the rule that prior accidents are inadmissible to prove negligence with the rule that absence of accidents is inadmissible to prove absence of negligence. However, the rule that prior accidents are inadmissible to prove negligence has been overruled. See *Freed v Simon,* 370 Mich 473; 122 NW2d 813 (1963), *Sullivan v Detroit & Windsor Ferry Co,* 255 Mich 575; 238 NW 221 (1931), *Branch v Klatt,* 173 Mich 31, 34–35; 138 NW 263, 264 (1912). It is argued that there is no reason for distinguishing the two types of evidence.

We cannot agree that the *Langworthy* line of cases has been overruled. First, the rule that prior accidents were not admissible to prove negligence was overruled prior to the decision in *La Due v Lebanon Twp, supra,* and the Court in that case recognized that prior accidents were admissible to prove negligence. The Court nonetheless made the distinction and held that evidence of absence of accidents was inadmissible. Second, evidence of absence of accidents has less probative value than evidence of previous accidents, and thus is more easily outweighed by the factor that the collateral issue will result in jury confusion. Evidence of prior accidents involves positive proof directly tending to establish the existence of a defect, and raises the defendant's standard of care to that of a person aware of the defect. See *Freed v Simon,*

*supra,* at 475, fn; 122 NW2d at 814, fn. Evidence of absence of accidents usually involves generally unreliable negative evidence, see *La Due v Lebanon Twp, supra, McAuliff v Gabriel, supra, cf. Dalton v Grand Trunk Western R Co,* 350 Mich 479; 87 NW2d 145 (1957), and does not tend directly to prove absence of negligence, *cf. Hodges v Bearse, supra.* Thus, evidence that police had no reports of accidents at the "T" intersection in the instant case could mean no more than that no such accidents had been reported or that such accidents had previously been avoided through blind luck. As plaintiffs' expert testified, accident history, while relevant, was unnecessary for resolution of the issue of whether this intersection was unsafe where the need for traffic control devices was patent. The trial court properly excluded the proffered testimony.

The trial court admitted into evidence the Manual of Uniform Traffic Control Devices, promulgated pursuant to MCLA 257.608; MSA 9.2308, and permitted plaintiffs' expert to read and rely upon portions thereof. Defendant argues that this evidence was irrelevant because the only material issue was whether the intersection was unsafe without signs, and the manual is only a guide to types of signs and does not indicate whether signs are necessary in any given situation. The availability of signs designed for "T" intersections which would make such intersections more safe would tend to establish that the instant intersection was unsafe without such signs. The trial court did not abuse its discretion. See *Winekoff v Pospisil,* 384 Mich 260; 181 NW2d 897 (1970), *Jarecki v Ford Motor Co,* 65 Mich App 78, 83; 237 NW2d 191, 194 (1975).

Defendant did not produce any expert witness,

and plaintiffs' counsel in closing argument asserted that defendant did not do so because no expert would testify that the intersection was safe. Defendant now argues that no adverse inference can arise from its failure to produce an expert witness because no such witness was under its control. The trial court did not instruct that such a presumption had arisen; the issue was properly left to argument by trial counsel. See *Barringer v Arnold,* 358 Mich 594, 605; 101 NW2d 365, 370 (1960).

Defendant argues that the trial court erred by not instructing on Bruce Grubaugh's alleged contributory negligence. We agree with the trial court that there was no evidence of conduct by Richard Grubaugh such as would have caused a reasonable man to have refused to ride with him. See *Graham v United Trucking Service, Inc,* 327 Mich 694, 700–701; 42 NW2d 848, 852 (1950). Defendant failed to preserve for review the trial court's other alleged instructional error. GCR 1963, 516.2.

Lastly, defendant argues that the trial court erred by permitting the jury to commence deliberation before it had completed placing its objections to the jury instructions on the record. GCR 1963, 516.2, *Kirby v Larson,* 400 Mich 585, 604–605; 256 NW2d 400, 409–410 (1977). However, it appears that this error was invited by defense counsel, and therefore cannot now be an asserted basis for reversal. GCR 1963, 529.1.

Affirmed. Costs to plaintiffs.