Theodore KOLODA, Plaintiff-Appellee,

v.

GENERAL MOTORS PARTS DIVISION, GENERAL MOTORS CORPORATION, Defendant-Appellant.

No. 82–3314.

United States Court of Appeals, Sixth Circuit.

Argued June 28, 1983.

Decided Sept. 8, 1983.

Louis Paisley (argued), Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendant-appellant.

Richard L. Steinberg (argued), Philo, Atkinson, Darling, Steinberg, Harper & Edwards, L.P.A., Detroit, Mich., for plaintiff-appellee.

Before LIVELY and ENGEL, Circuit Judges; and FEIKENS, Chief Judge.*

FEIKENS, Chief Judge.

Appellant, General Motors Parts Division ("GM"), appeals from a jury verdict and judgment thereon in the amount of $300,000 in favor of Appellee, Theodore Koloda ("Koloda"), in a diversity products liability action. Numerous arguments are raised by appellant, the only colorable one being that the district court committed reversible error in excluding all evidence regarding lack of prior similar claims or incidents. For the reasons stated we find that the exclusion of such evidence constitutes reversible error.

## I. FACTUAL BACKGROUND

On May 5, 1969, Koloda was employed as an auto mechanic. He was fifty years old, five feet three inches tall, 180 pounds, and suffered from high blood pressure. On the day of the incident in question, Koloda was attempting to replace the exhaust system on an automobile. In so doing he noticed that the heat riser valve on the car's manifold was stuck. In order to unstick the valve he applied an aerosol heat valve lubricant ("lubricant") which was sold under the General Motors label and manufactured by Ralph Schrader, Inc.

Approximately forty minutes after the lubricant was applied, while he was still working on the same automobile, Koloda became ill and fell to the floor. He was taken to a hospital where it was determined that he had suffered a stroke. Koloda suspected that this stroke was caused by exposure to the vapors given off by the lubricant. On April 27, 1971 he instituted this action against General Motors to establish such liability.

The lubricant in question has been produced by Ralph Schrader, Inc. since 1954. It is sold under various labels, including those of GM, Ford, Chrysler, American Motors and K Mart. The lubricant as sold under the GM label contained cautionary instructions that the mixture was combustible, that it should not be swallowed, and that it should be used only in well ventilated areas. At trial Koloda claimed that GM was negligent in failing to properly warn him of the dangerous propensities of the lubricant, and he brought a motion *in limine* to suppress evidence of a lack of prior claims or similar incidents (negative evidence). The district court granted that motion and prohibited GM from introducing such evidence or from arguing it to the jury. At the conclusion of the trial, the jury found liability and awarded Koloda $300,000 against GM.

## II. DISCUSSION

The district court's ruling regarding the exclusion of evidence of lack of prior claims or similar incidents is not on the record. Although the attorneys acknowledged the ruling on the record, stating that the district judge granted the motion pursuant to Rule 403 of the Federal Rules of Evidence, they did not mention the specific reasons for that ruling. The only direct indication of the district judge's rationale for excluding such evidence is contained in the order of April 7, 1982 denying a new trial or judgment notwithstanding the verdict. On page 24 of that order the district judge

---

* The Honorable John Feikens, Chief Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

indicated that he granted the motion to exclude under Rule 403 in partial reliance on a case cited by Koloda, *Grubaugh v. City of St. Johns,* 82 Mich.App. 282, 266 N.W.2d 791 (1978), which holds that negative evidence does not tend to prove the absence of negligence. The district judge's reliance on this case, and the heavy emphasis on similar cases in Koloda's briefs, is somewhat confusing since such cases speak to the relevance of the evidence, a Rule 401 issue, rather than the probative versus prejudice issue under Rule 403, which was the purported basis of his decision. For this reason we will review the district judge's ruling with an eye toward determining whether it was appropriate under either of these rules.

### A. Rule 401

Rule 401 of the Federal Rules of Evidence defines relevancy. It provides:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Relevancy is the threshold determination in any decision regarding the admissibility of evidence; if evidence is not relevant, it is not admissible.[1] The argument put forth in Koloda's briefs, and that which apparently convinced the district judge, deals with the relevance of the evidence in question.

Koloda argues that while evidence of prior claims or similar incidents is admissible for certain purposes, evidence of a lack of such complaints or incidents is not admissible. The question thus is whether such negative evidence will ever be admissible and, if so, for what purpose it will be admitted.

Cases dealing with the admissibility of evidence of past claims or similar incidents (or the lack of them) have been described as being "in a state of hopeless disorder," principally because such evidence may be proffered for a number of different purposes, and courts often do not fully state the purposes for which the particular evidence is being considered. *See* 22 Wright & Graham, *Federal Practice and Procedure* § 5170 (1978). Such evidence may be offered to (1) prove the existence of a particular defect; (2) prove causation; (3) prove the existence of a dangerous situation at the time of an accident; or (4) prove notice or knowledge of the danger. *McCormick's Handbook of the Law of Evidence* § 200 (2d ed. 1972); 1 D. Louisell, *Federal Evidence* § 98 (1977). The relevance of the evidence will thus depend not only on the character of the evidence itself but on the purpose for which it is offered.[2]

In this case the evidence of a lack of prior complaints or similar incidents arising out of the use of the lubricant could have been offered for either of two purposes: to show that the product was not harmful and lacked dangerous propensities; or to show a lack of knowledge on the part of GM of any dangerous propensities which did exist. The arguments put forth by Koloda and the citations in support of those arguments deal with evidence offered to show a lack of defects or dangerous propensity. However, because GM represented that it only wished to introduce such evidence to prove the extent of its knowledge, we are not required to decide whether it would have been admissible for other purposes.[3]

---

1. Federal Rule of Evidence 402 provides:

   All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. *Evidence which is not relevant is not admissible.* (Emphasis added).

2. This court has held that evidence of similar incidents is inadmissible for the purpose of demonstrating the cause of a specific occurrence. *Olin-Mathieson Chemical Co. v. Allis-* *Chalmers Manufacturing Co.,* 438 F.2d 833 (6th Cir.1971).

3. Courts are split on whether evidence of a lack of prior claims or similar incidents is admissible to show a lack of dangerous propensity *See generally* Annot., 31 A.L.R.2d 190; 1 S. Gard, *Jones on Evidence* § 4:22 (6th ed. 1972); *McCormick on Evidence, supra,* at § 200 (2d ed. 1972). However, most commentators believe that the modern trend favors admissibility for all purposes otherwise appropriate in cases involving positive evidence. Jones, *supra;*

Koloda argues that evidence of a lack of prior claims or similar incidents is not admissible for any purpose, including proof of knowledge. Some courts have held that evidence of a lack of similar incidents is not as probative as evidence of the existence of such incidents, and should therefore not be admissible. However, examination of precedent in this area demonstrates that courts which have so held have done so almost exclusively in cases where the purpose of the evidence was to prove a defect or dangerous propensity, and not where the purpose was to show knowledge or notice. *See generally Grubaugh v. City of St. Johns, supra; Kurczewski v. Michigan State Highway Commission,* 112 Mich.App. 544, 316 N.W.2d 484 (1982); *Cassanova v. Paramount-Richards Theatres,* 204 La. 813, 16 So.2d 444 (1943); Annot., 31 A.L.R.2d 190 § 4.

The case on which the district judge relied in excluding the evidence specifically noted that knowledge in that case was conceded and was therefore not an issue. *Grubaugh v. City of St. Johns, supra,* at 266 N.W.2d 793.

We have seen no case which argues that negative evidence is not competent for the purpose of establishing notice or lack of it. The only feasible way of demonstrating a lack of notice is to show that the channels which would have normally yielded such information (*i.e.,* reports of prior claims or complaints) did not do so. Such a means of proof should not be precluded without good cause.

It is well established that evidence of prior similar incidents is relevant for the purpose of showing knowledge so long as

the conditions in effect during the past are sufficiently similar to those at the time of the incident in question. In this regard the court in *Julander v. Ford Motor Co.,* 488 F.2d 839 (10th Cir.1973), stated:

> Generally, where negligence is in issue, *prior* complaints to a defendant concerning an allegedly hazardous condition are admitted as being probative of the defendant's knowledge. This knowledge, in turn, then operates as a standard against which can be tested the reasonableness of the defendant's conduct with regard to the allegedly hazardous condition. *See New York Life Ins. Co. v. Seighman,* 140 F.2d 930 (6th Cir.1944).

*Id.* 488 F.2d at 846. Similarly, this court has held that evidence of prior similar incidents is relevant to show notice of a possibly dangerous condition so long as the circumstances involved are similar. *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134 (6th Cir.1968); *Powers v. J.B. Michael & Co.,* 329 F.2d 674 (6th Cir.1964); *Chesapeake & Ohio Railway Co. v. Newman,* 243 F.2d 804 (6th Cir.1957). Since there is no difference of kind between evidence of prior claims or similar incidents and evidence of a lack of them for purposes of showing knowledge, the above precedent is applicable here.

At trial, GM was found liable to Koloda for negligent failure to warn. In actions for failure to warn, knowledge is a major fact question. In Ohio the controlling case law on this issue states:

> It is, however, apparent that the rule imposing obligation on the manufacturer or seller to give suitable warning of the dangerous propensity of a product is a

McCormick, *supra;* 29 Am.Jur.2d *Evidence* § 310. In this regard, McCormick's treatise states:

> The trend of recent decision seems to favor admissibility, and it is believed that evidence of absence of other accidents may be relevant to show, (1) the nonexistence of the defect or condition alleged, (2) that the injury was not caused by the defect or condition charged, (3) that the situation was not dangerous, or (4) want of knowledge of, or of ground to realize, the danger. (Footnotes omitted).

*Supra* at § 200.

This court's decision in *Chesapeake & Ohio Railway Co. v. Newman,* 243 F.2d 804 (6th Cir.1957), is not controlling because that case dealt with a situation where prior conditions were significantly different than those in effect at the time of the incident in question. However, *Chesapeake* is interesting insofar as it implies that evidence of a lack of prior accidents would be admissible if conditions were similar.

rule fixing a standard of care, and any tort resulting from the failure to meet this duty is, in essence, a negligent act. In Ohio, the case law has established that a manufacturer or vendor is negligent when he has *knowledge* of a latent defect rendering a product unsafe and fails to provide a warning of such defect. (Citations omitted, emphasis added).

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 325, 364 N.E.2d 267, 272–273 (1977). GM's knowledge was specifically drawn into issue in these proceedings on several occasions. For example, Koloda's complaint specifically alleged that GM had knowledge of the dangerous propensities of the product prior to the time of the incident in question. Additionally, the district judge's instructions repeatedly emphasized the importance of GM's knowledge.[4] The district judge seems to have drawn the past history of the lubricant into direct consideration in charging that: "If it appears that a certain condition has existed for a substantial period of time, and that the Defendant had regular opportunities to observe that condition, then you may draw the inference that he, the Defendant, had knowledge of the condition."[5] Without belaboring the point, GM's knowledge of dangerous propensities of the lubricant, either actual or constructive, was highly significant in this case, and GM had the right to produce competent evidence which reflected upon the extent of such knowledge.

■ Thus we find that evidence of a lack of prior claims or similar incidents is relevant in this case as to the issue of GM's actual or constructive knowledge of any dangerous propensities of its lubricant.

**B. Rule 403**

Having decided that the disputed evidence is relevant for the purpose of demonstrating knowledge, we must now determine whether such evidence should have been excluded under Federal Rule of Evidence 403 which states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This court has recently noted that the requirement that the probative value must be *substantially* outweighed is significant in excluding evidence under this rule. *U.S. v. Hans,* 684 F.2d 343 (6th Cir.1982). We have also stated:

In reviewing a decision of a trial court on this issue we must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.

*United States v. Brady,* 595 F.2d 359, 361 (6th Cir.1979).

There is no record as to the district judge's reasons for finding that the evidence in question was substantially more prejudicial than probative. Since there is no indication that such evidence would be confusing or misleading or would cause undue delay or waste of time, it is safe to assume that the district judge believed that it would be unfairly prejudicial.

We see no reason why such evidence would have been unfairly prejudicial. It would not have required a foray into collateral matters which would have been damaging to Koloda's interests or which would

---

4. The jury charge stated:

A manufacturer who knows or in the exercise of reasonable testing or inspection should realize that its product is likely to be dangerous when used for the purpose for which it is made has a duty to exercise reasonable care to warn users of the danger involved. Failure to fulfill that duty is negligence.

The means of knowledge are ordinarily the equivalent in law to knowledge. So, if it appears from the evidence in the case that a reasonably prudent person would have made inquiry through which he would have learned certain facts, then such person may be found to have had actual knowledge of those facts, the same as if he had made such inquiry and had actually learned such facts.

5. GM objected to this charge on the basis that GM was prevented from producing evidence of such past performance, but the district judge overruled that objection.

appeal to the emotions or prejudices of the jurors. It would produce evidence directly probative of GM's knowledge as of the time of the incident in question. McCormick's treatise on evidence suggests that such evidence should be more readily admissible than positive evidence of actual similar instances: ·

> [In the case of evidence of lack of prior incidents, there is] no danger of arousing the prejudice of the jury, as the proof of another accident may do. Moreover, the danger of spending undue time and incurring confusion by raising "collateral issues," conjured up in some of the opinions, seems not at all borne out by experience in jurisdictions where the evidence is allowed. The defendant will seldom open this door if there is any practical possibility that the plaintiff may dispute the fact.

*Supra* at § 200.

■ In order to exclude evidence under Rule 403, it must be more than damaging to the adverse party; it must be *unfairly* prejudicial. In this regard it has been held:

> Of course, "unfair prejudice" as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."

*Dollar v. Long Mfg., N.C., Inc.,* 561 F.2d 613, 618 (5th Cir.1977). Given the central importance of the issue of actual or implied notice in this case, the prejudicial impact of the disputed evidence would have to be significant in order to substantially outweigh its probative value. We find no prejudice, significant or otherwise, which would have accrued from the excluded evidence.

District courts are allowed a broad range of discretion in deciding issues of admissibility under Rule 403. *U.S. v. Johnson,* 697 F.2d 735 (6th Cir.1983); *In re Beverly Hills Fire Litigation,* 695 F.2d 207 (6th Cir.1982). However, such discretion is not unlimited. In finding that evidence of similar incidents should not have been excluded, the court in

*Bailey v. Kawasaki-Kisen, K.K.,* 455 F.2d 392 (5th Cir.1972), stated:

> It is true that we often say that the exclusion of evidence of this nature is within the "sound discretion" of the Trial Judge. This discretionary power does not, however, allow the Trial Court to exclude competent evidence which is essential and vital to a litigant's case unless there is a sound practicable reason for barring it. All must be looked to in terms of the purpose of the rule of exclusion, the interests to be served by admissibility and the qualifying instructions, if any, needed to eliminate the probability of harm. (Citations and footnotes omitted).

*Id.* at 398.[6] Similarly, in this case there is no prejudice shown, and the evidence which was excluded is vital to defendant's case.

### III. CONCLUSION

Because of the importance of the issue of knowledge in this case and because of the significant probative value the excluded evidence has with regard to such knowledge, the district court's judgment is reversed, and this case is remanded for retrial consistent with this opinion.

---

**6.** *See also Ramos v. Liberty Mutual Insurance Co.,* 615 F.2d 334 (5th Cir.1980), holding that it was an abuse of discretion to exclude evidence of similar incidents.