*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY BANKS,

       Plaintiff-Appellant,

v

WILLIAM BEAUMONT HOSPITAL,

       Defendant-Appellee.

UNPUBLISHED
May 23, 2024

No. 367300
Oakland Circuit Court
LC No. 2022-196070-NO

Before: MALDONADO, P.J., and PATEL and N. P. HOOD, JJ.

PER CURIAM.

In this premises-liability action, plaintiff, Kimberly Banks, appeals as of right the order granting summary disposition to defendant under MCR 2.116(C)(10). Defendant argued that it did not owe Kimberly a duty to protect her from the uneven metal grate that caused her fall because the condition was open and obvious and no special aspects were present. Defendant further argued that Kimberly failed to establish that defendant had actual or constructive notice that the grate was uneven with the adjoining concrete. Alternatively, defendant asserted, even if the hazard was not open and obvious, it did not breach its duty because the alleged vertical discontinuity was within the range permitted under the applicable building code. The trial court found that there was a genuine issue of material fact whether defendant breached its duty, but granted summary disposition in favor of defendant because it found that the uneven grate was open and obvious and that Kimberly failed to demonstrate that defendant had actual or constructive notice that the grate was uneven with the adjoining concrete.

After the trial court granted summary disposition to defendant, our Supreme Court issued *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023), which reversed two aspects of *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001), overruled in part by *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, and significantly altered the legal framework of premises actions:

First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care. [*Kandil-Elsayed*, 512 Mich at 104.]

We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

At approximately 8:20 p.m. on September 4, 2021, plaintiff's husband, Blanton Banks, drove the couple to Woodward Corners Plaza in Royal Oak to pick up a carryout order from a restaurant. Blanton parked in front of a business immediately to the right of the restaurant. Kimberly exited the vehicle to pick up their food order while Blanton waited in the vehicle. Kimberly walked approximately 15-20 steps, and entered the restaurant. When Kimberly left the restaurant approximately five minutes later, she took the same path back to the vehicle. As Kimberly walked toward the vehicle, her foot struck a metal grate that was surrounding a tree in the walkway. The metal grate was raised and uneven with the surrounding sidewalk. Kimberly testified, "[M]y foot hit that [g]rate . . . and I tripped and fell."

Kimberly asserted that it was dark outside when she exited the restaurant. She testified that the area was "poorly lit" and had "[v]ery little" lighting. Although Kimberly was looking where she was walking, she did not see the elevation change in the walkway on her way into the restaurant, or on her way out. She further stated, "After I tripped . . . I didn't see it." Kimberly was unable to quantify the elevation change between the grate and the adjoining concrete. She testified that it was possibly less than an inch, but she was unsure whether it was less than half an inch.

Blanton testified that he had visited that particular restaurant location at least three times before the September 2021 incident. His last visit was sometime in 2021. Blanton did not observe any changes to the plaza's sidewalk or parking lot between his previous visit in 2021 and the date of the incident, other than there was less lighting because the business next door to the restaurant was shut down. Blanton testified that is was dusk and starting to get dark at the time of the incident.

Kimberly commenced this premises liability action against defendant, the owner of the premises, alleging defendant knew or should have known that the walkway was uneven but failed to exercise reasonable care to make it safe or to warn Kimberly of the hazardous condition.[1]

---

[1] Kimberly also asserted a negligence claim, but because the claim arises from a dangerous condition on the land, it sounds in premises liability. See *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021) (holding that "[w]ether the gravamen of an action sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff."). Kimberly does not raise any issues pertaining to the negligence claim on appeal.

-2-

Following discovery, defendant filed a motion for summary disposition under MCR 2.116(C)(10). Defendant argued that the height differential was an open and obvious hazard and thus defendant had no duty to warn or protect Kimberly. Defendant further asserted that there were no special aspects that made the height differential unreasonably dangerous or effectively unavoidable. Defendant also argued that Kimberly could not establish that defendant had actual or constructive notice of the height differential. Alternatively, defendant argued that Kimberly could not establish that defendant breached its duty because the International Code Council building codes allows for a 1/4 inch vertical difference in the elevation between the grate and the adjoining concrete.

The trial court granted defendant's motion. First, the court concluded that the height differential was open and obvious and Kimberly could have avoided it. The court also found that there was no evidence demonstrating defendant had actual notice of the uneven walkway or that the hazardous condition existed for a sufficient duration such that defendant had constructive notice of the condition. Although the court found that there was a question of fact whether defendant breached its duty, the court concluded that summary disposition was appropriate based on the open and obvious nature of the condition and Kimberly's failure to present evidence establishing that defendant had notice of the condition. This appeal followed.

## II. OPEN AND OBVIOUS

Plaintiff argues that the trial court erred by concluding that the height differential between the grate and the adjoining concrete was open and obvious and thus defendant was entitled to summary disposition as a matter of law. We agree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a trial court must consider the evidence submitted by the parties in the light most favorable to the non-moving party and may only grant the motion if there is no genuine issue of material fact. *Id*. at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). But "[t]he court is not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "Instead, the court's task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial." *Id*.

In a premises liability case, "a plaintiff must prove the traditional elements of negligence: (1) that defendant owed the plaintiff a duty, (2) that defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). In this case, it is undisputed that plaintiff was an invitee and that defendant therefore owed plaintiff a duty "to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 143, quoting *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988).

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This test is an objective one that requires an inquiry of "the objective nature of the condition of the premises at issue." *Id.* Michigan's "caselaw has been mired in ambiguities" as to whether the open and obvious danger doctrine is part of the analysis of the scope of a possessor's duty or whether it is part of the determination of a possessor's breach of duty. *Kandil-Elsayed*, 512 Mich at 124 n 6. Aiming to set those ambiguities straight, the *Kandil-Elsayed* Court expressly overruled "*Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty[,]" and the special-aspects doctrine announced by *Lugo*.[2] *Kandil-Elsayed*, 512 Mich at 104. Because Michigan has adopted a comparative fault regime for negligence claims, the Court held that the open and obvious nature of a condition is relevant to whether a defendant breached a duty and, if so, whether a plaintiff was comparatively at fault, not whether a defendant owed a duty. *Kandil-Elsayed*, 512 Mich at 144. " '[T]he fact that a dangerous condition is open and obvious bears on the assessment of whether reasonable care was employed[.]' " *Id.* at 146, quoting 2 Restatement Torts, 3d, § 51, comment *k*, p. 251.

The *Kandil-Elsayed* Court explained, "[W]hen a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Kandil-Elsayed*, 512 Mich at 104. The Court instructed that, "[r]ather than conduct a narrow analysis of whether an obvious danger is 'effectively unavoidable' or poses an 'unreasonable risk of severe harm,' the fact-finder should consider whether 'the possessor should anticipate the harm despite such . . . obviousness.' *Id.* at 147, quoting 2 Restatement Torts, 2d, § 343A, p 218. But "whether a land possessor should anticipate harm from an otherwise open and obvious danger is a relevant inquiry under *breach*, not duty." *Kandil-Elsayed*, 512 Mich at 147-148.

The Court summarized its holding as follows:

[A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. . . . As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the

---

[2] The *Lugo* majority explained that while a land possessor generally "is not required to protect an invitee from open and obvious dangers," if there are "special aspects of a condition [that] make even an open and obvious risk unreasonably dangerous," then the possessor "has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. The *Lugo* Court provided "illustrations" of special aspects, which included an open and obvious condition that is effectively unavoidable. *Id.* at 518.

plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id.* at 148-149 (cleaned up).]

The rule of law announced in *Kandil-Elsayed* is retroactive and "applies to all cases currently pending on direct appeal." *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809); slip op at 8.

In this case, the trial court granted defendant's motion for summary disposition, in part, because the height differential between the grate and the adjoining concrete was open and obvious. In reaching its decision, the trial court applied the now-overruled framework set forth by *Lugo* and its progeny to hold that defendant did not owe a duty of care. Our Supreme Court's decision in *Kandil-Elsayed* requires a conclusion that the trial court erred by granting defendant's motion for summary disposition based on the open and obvious doctrine.

## III. CONSTRUCTIVE NOTICE

On appeal, defendant concedes error under *Kandil-Elsayed*, but argues that the trial court properly granted summary disposition on the basis that Kimberly failed to present evidence establishing the notice element of her premises-liability claim. Kimberly argues that there is a genuine issue of material fact whether defendant had constructive notice of the hazardous condition. We agree.

It is undisputed that Kimberly was an invitee at the time of the incident. An invitee is a person who enters another's land "with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000) (cleaned up; alterations in original). In addition to warning an invitee about known dangers, an "invitor must inspect the premises to discover any possible dangerous conditions of which the invitor is not aware and take reasonable precautions to protect the invitees from dangers that are foreseeable from use." *Hammack v Lutheran Social Servs*, 211 Mich App 1, 6; 535 NW2d 215 (1995). To establish that an invitor breached its duty, a plaintiff "must demonstrate that the [invitor] had actual or constructive notice of the dangerous condition at issue." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 627; 971 NW2d 716 (2021) (cleaned up). Constructive notice requires evidence "that the hazard was of such a character, *or* had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 11-12; 890 NW2d 344 (2016) (emphasis added). See also *Kroll v Katz*, 374 Mich 364, 374; 132 NW2d 27 (1965) (holding that the basement stairway's missing bottom stair was of such character that the premises possessor "in the exercise of reasonable care, . . . should have discovered that the situation was dangerous, and, in the exercise of reasonable care, should have either remedied the danger or warned plaintiff of its existence.") ; *Yarington v Huck*, 218 Mich 100, 101-104; 187 NW 298 (1922) (holding that the character of the hazard—a hole in the carpet in which the plaintiff caught her foot—was sufficient to raise a

question of fact regarding notice). If a hazard could have been discovered with a reasonable inspection, then it is "of such a character . . . that [the invitor] should have knowledge of it." *Lowrey*, 500 Mich at 10 (cleaned up). A question of fact exists for the jury when the defendant "should have known" about the dangerous condition "because of its character . . . ." See *id*. at 11.

The uneven walkway in this case is not at all like the temporary conditions in the cases relied on by defendant. For example, in *Lowrey*, the Supreme Court held that the plaintiff failed to establish a genuine issue of material fact as to constructive notice regarding water on a stairway. *Lowrey*, 500 Mich at 11-12. And in *Hampton v Waste Mgt of Mich, Inc,* 236 Mich App 598, 605-606; 601 NW2d 172 (1999), this Court concluded that the trial court properly granted summary disposition in favor of the defendant where there was no evidence that defendant or its employees knew or should have known of the alleged presence of an oily substance leaking from a rubbish bin in the defendant's parking lot.

In this case, defendant argued to the trial court that the elevation difference between the grate and the adjoining concrete "was readily apparent as the concrete and the grate were different colors[,]" and it "was plainly open and obvious." Defendant maintained that "there were distinct characteristics of the land that should have given a reasonable prudent individual notice that there may be a tripping hazard." Defendant further argued that "an average user with ordinary intelligence could have discovered the grate and the accompanying risk of tripping after a casual inspection." Despite defendant's claim that the condition was readily apparent and would have been discoverable upon casual inspection, defendant argued that it could not be inferred that it had constructive notice. We disagree.

While there was no evidence that anyone suffered an injury associated with the height differential in the walkway prior to Kimberly, that fact neither negates defendant's notice of the dangerous condition nor eliminates its duty to abate it because "it would not be competent to prove an absence of accidents as tending to show an absence of negligence." *Larned v Vanderlinde*, 165 Mich 464, 468; 131 NW 165 (1911). "Evidence of absence of accidents usually involves generally unreliable negative evidence and does not tend directly to prove absence of negligence." *Grubaugh v City of St Johns*, 82 Mich App 282, 289; 266 NW2d 791 (1978) (cleaned up). Further, Kimberly was not required "to demonstrate the allegedly hazardous condition existed for sufficient time" as the trial court held, and as defendant argues. Rather, constructive notice can be established with evidence that "the hazard was of such a character . . . that a reasonable premises possessor would have discovered it." *Lowrey*, 500 Mich 1. Viewing the testimony and photographs in the light most favorable to plaintiff, we find that a trier of fact could reasonably conclude that the height differential between the grate and the adjoining concrete was of such a character that defendant would have discovered it and recognized the tripping hazard through reasonable inspection. Accordingly, we find that the trial court erred by granting summary disposition to defendant on the basis that plaintiff failed to present evidence demonstrating that defendant had constructive notice of the hazardous condition.

Reversed and remanded for further proceedings consistent with this opinion.[3]  We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Sima G. Patel
/s/ Noah P. Hood

---

[3] The trial court also concluded that there was a genuine issue of material fact whether defendant breached its duty of care owed to Kimberly.  But defendant does not challenge that holding on appeal or argue that issue as an alternative ground to affirm the trial court's grant of summary disposition in defendant's favor.