798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HUMANA, INC., d/b/a Lake Cumberland Medical Center,
Defendant-Appellant,
v.
Violet SHOOK, Plaintiff-Appellee.
 No. 85-5478.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1986.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Humana, Inc. d/b/a Cumberland Medical Center appeals the district court judgment entered on a jury verdict for Violet Shook in this action brought under the Fair Labor Standards Act, 29 U.S.C. Sec. 203 et seq. Shook alleged that Humana failed to compensate her for overtime work, and that such failure was willful. For the reasons stated herein, we affirm the district court's judgment. Shook worked as an hourly paid employee in Humana's radiology department from 1976 to 1981 when she was terminated. Her duties included transporting patients, preparation of patients for x-rays, and sorting and distribution of "patient request" forms. Shook testified that her original work hours had been from 6:00 a.m. to 2:30p.m., but that her hours were soon changed to 6:30 a.m. to 3:00 p.m. Despite this change she was still required to complete certain of her duties by 7:00 a.m. when patients scheduled for 7:00 a.m. x-rays had to be ready; she continued to arrive at work at 6:00 a.m. in order to complete those duties. Shook testified that her supervisor, Bob Miller, was aware that she had to report a half hour early to complete her tasks properly, but that he told her not to sign in at 6:00 a.m. and not to let patients' charts reflect that she saw them before 6:30 a.m. because Humana's liability insurance would not cover incidents occurring prior to the official start of an employee's shift. At trial another Humana employee, Vera King, a registered nurse in a different department who worked from 11:00 to 7:00 a.m., testified that she regularly saw Shook at work by 6:00 a.m. King also testified, over Humana's objection, that she too regularly reported before the official start of her shift in order to mix intravenous medications so that she could do her "regular work" after her shift began. She stated that she did not mark down this time and that she was not paid for it. On cross-examination she stated that no supervisor had asked her to do this and that it was hospital policy to mark down extra time. Humana presented the testimony of Miller, the hospital administrator, and two other employees who contradicted Shook's testimony. One of the employees, Connie Reynolds, did testify that she had seen Shook at 6:15 a.m., but on cross-examination admitted that Shook may have been elsewhere in the department at 6:00 a.m. and that she did not Shook until 6:15 a.m.
 
 
 2
 Humana moved for a directed verdict at the close of proof on the basis that Shook had filled out her own time records and had certified them biweekly as correct. The district court denied the motion. The jury found for Shook and awarded her $1,405.66. The district court entered judgment accordingly and awarded attorney's fees of $8,929.45. This appeal ensued.
 
 
 3
 Humana argues that the district court erred in admitting King's testimony that she too worked without pay before her shift began. Humana contends that the testimony was irrelevant to Shook's case. Humana also asserts that the evidence was prejudicial in that Humana was surprised by King's testimony and had neither the time nor available witnesses to refute her testimony.
 
 
 4
 Rule 401, Federal Rules of Evidence provides:
 
 
 5
 "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
 
 
 6
 It is well established that Rule 401 vests wide discretion in the district court to determine relevance. Murphy v. Cincinnati Insurance Co., 772 F.2d 273, 277 (6th Cir.1985). One issue at trial was the accuracy of Humana's time records. King's testimony was relevant in that it was probative of and material to the accuracy of Humana's time records. The testimony was also relevant in that it tended to prove that Shook's situation--that she had to work overtime in order to complete all duties during the scheduled work day--was not an isolated incident. Finally, Humana's knowledge or constructive knowledge of unpaid overtime was at issue, since the element of willfulness determined whether a three year, as opposed to a two year, statute of limitations applied. See 29 U.S.C. Sec. 255. King's testimony was additional evidence that tended to show that Humana knew, or through the exercise of reasonable diligence could have known, that employees did not record overtime worked before the beginning of shifts. See Brennan v. General Motors Acceptance Corporation, 482 F.2d 825, 827-829 (5th Cir.1973).
 
 
 7
 Having decided that the district court did not abuse its discretion in determining that the testimony was relevant, we turn to the issue of admissibility. Rule 403, Federal Rules of Evidence, provides that:
 
 
 8
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 9
 Under this rule, the admission of evidence is placed within the sound discretion of the trial court. In re Beverly Hills Fire Litigation, 695 F.2d 207, 217-18 (6th Cir.1982) (citing United States v. Brady, 595 F.2d 359 (6th Cir.), cert. denied, 444 U,S, 862 (1979), In reviewing the ruling of a trial court we look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect. Brady, 595 F.2d at 361. Exclusion under Rule 403 is appropriate only where the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice. Id. Moreover, the evidence must be more than damaging or simply adverse to the opposing party; it must be unfairly prejudicial. Koloda v. General Motors Parts Division, General Motors Corp., 716 F.2d 373, 378 (6th Cir.1983). Applying these principles to this case, we find that the district court did not abuse its discretion in admitting, King's testimony. That Humana may have been surprised by King's testimony is not in itself a basis for finding unfair prejudice. Fed.R.Evid. 403 advisory committee note. We further note King's admission that no supervisor had ever told her to work unreported overtime and that she was not aware of any Humana policy favoring such. In fact, she stated that she understood that it was Humana policy to mark down extra work time. It was the jury's function to ascertain what inferences and weight should be accorded King's testimony.
 
 
 10
 Humana's second assignment of error is the district court's denial of its motion for a directed verdict.
 
 
 11
 In considering a motion for a directed verdict under Rule 50(a), the trial court "must determine whether there was sufficient evidence presented to raise a material issue of fact for the jury." O'Neill v. Kiledjian, 511 F.2d 511, 513 (6th Cir.1975). As applied in this context, "sufficient evidence" is such that, when viewed in the light of those inferences most favoralbe to the nonmovant, Galloway v. United States, 319 U.S. 372, 395, 63 S.Ct, 1077, 43), and Dowdell v. U.S. Industries, 495 F.2d 641, 643 (6th Cir.1974, there is either a complete absence of proof on the issues or no controverted issues of fact upon which reasonable men could differ. Sulmeyer v. Coca-Cola Co., 515 F.2d 835, 841 (5th Cir.1975, cert. denied 424 U.S. 934, 96 S.Ct. 1148, 47 L.Ed. 341 (1976), citing 5A Moore's Federal Practice p 50.02 (2d ed. 1974). Appellate courts apply this same standard. O'Neill v. Kiledjian, supra, at 513, citing 9 Wright & Miller, Federal Practive and Procedure Sec. 2524, at 542 (1971).
 
 
 12
 Milstead v. International Brotherhood of Teamsters, 580 F.2d 232, 235 (6th Cir.1978), cert. denied, 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981).
 
 
 13
 The testimony of Shook and King raised material issues of fact for the jury regarding Shook's alleged unpaid overtime work, the reasons underlying the alleged inaccuracy of the time records, and Shook's supervisor's knowledge of her unpaid overtime. As such, denial of a directed verdict was proper. Humana suggests that the time records alone should have been determinative and viewed as the only credible evidence of Shook's work hours in light of the fact that she filled them out and certified their correctness. However, 'tan employer] cannot avoid liability by reason of the time sheets prepared by [the employee] which (the employer] knew to be inaccurate." Burry v. National Trailer Convoy, Inc., 338 F.2d 422, 426-27 (6th Cir.1964). In this connection Shook's testimony was evidence that her supervisor knew that her records were inaccurate. Further, to the extent that Humana seems to imply that Shook should be estopped from challenging her own time sheets, such an argument has been previously rejected by this Circuit. See id; see also Walling v. Sun Publishing Co., 47 F.Supp. 180, 191 (W.D.Tenn.1942), aff'd, 140 F.2d 445 (6th Cir.) cert. denied, 322 U.S. 728 (1944) (holding that employer has responsibility for keeping accurate time records and cannot delegate the duty).
 
 
 14
 Therefore, the judgment of the district court is affirmed.