47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael E. MOORE, Defendant-Appellant.
 No. 94-5342.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: ENGEL, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael E. Moore appeals his conviction and sentence for unauthorized disclosure of tax return information by a federal employee in violation of 26 U.S.C. Sec. 7213(a)(1). Because we do not believe Moore has raised any challenge to his conviction sufficient to cause us to disturb the verdict below, we affirm the judgment of the district court.
 
 
 2
 From approximately February 8, 1989, to May 11, 1990, Moore, a tax adjuster with the Internal Revenue Service in Memphis, Tennessee, obtained unauthorized access to the tax return information of several individuals, including the addresses and telephone numbers of Sandra Hamblin and Hamblin's mother, Lois Hamblin. In the spring of 1989, Sandra Hamblin began receiving anonymous telephone calls. As a result, she eventually had her address and telephone number unlisted. Lois Hamblin then received calls by someone posing as a government official--sometimes as an Internal Revenue Service auditor or as Secret Service Agent Mike Barnett--who needed Sandra Hamblin's address and telephone number.
 
 
 3
 Some time after those events, Tennessee State Senator Cohen received a letter supposedly written by Sandra Hamblin ("Hamblin" letter). The letter, which contained racial slurs, described an alleged Secret Service kidnapping and outlined a plot by various law enforcement groups to smuggle drugs into the United States.
 
 
 4
 During the investigation that followed, the Internal Revenue Service verified the number of times Moore accessed taxpayer's files on computer, which files he accessed, and what information he accessed. The audit revealed that Moore had gained unauthorized access to the tax files of eight individuals, including Sandra Hamblin.
 
 
 5
 Moore was indicted by a federal grand jury on fourteen counts of violating Section 7213(a)(1). At the conclusion of his trial, a jury found him guilty on the thirteen counts tried. On May 6, 1993, Moore was sentenced to a one year, seven month term of imprisonment, followed by five years of probation. Judgment was entered on May 12, 1993, and this timely appeal followed. Moore has served his prison term and is now serving his term of probation.
 
 
 6
 Moore's first two assignments of error concern the admission of a photocopy of the Hamblin letter. Moore claims that this letter is not relevant and that its admission was more prejudicial than probative. In general, the admissibility of evidence depends upon its relevance. Here, the district court determined that the letter was relevant, and thus legally admissible. Moore claims the letter is not relevant because "the only common factor which the letter had was the accesses into the IRS system." The United States, however, was required to prove that Moore not only accessed the taxpayers' information, but also disclosed it. The letter contains the addresses of four individuals whose files Moore accessed and also the telephone number of one of the four. It is thus relevant as evidence of unauthorized access, disclosure, and the identity of the author. Further, any prejudicial impact of the letter's racial slurs does not outweigh its probative value because the most reasonable inference from their use is that the author may be mentally ill or emotionally disturbed. The terms used, when taken in the context of the letter, would not excite emotions such as anger in a reasonable juror, or cause the juror to base his or her decision on such anger. In any event, the letter's extreme probative value is not outweighed by the possibility that its admission might cause the jury to reach a verdict for improper reasons. Koloda v. General Motors Corp., 716 F.2d 373, 378 (6th Cir. 1983). For these reasons, we do not believe that the letter "unfairly" prejudiced Moore. Id.
 
 
 7
 Next, Moore claims that Secret Service Agent Robert Stevenson's testimony implied that Moore had threatened the President of the United States and was being monitored for that reason. When questioned about prior contact with Moore, Stevenson responded, "in performance of our duties, we have to monitor people that we feel might present a danger--." Moore's attorney objected on grounds of relevance. Without making a specific ruling, the court allowed Stevenson's testimony, but did not permit Stevenson to give his opinion as to why the Secret Service was investigating Moore. Moore argues that this testimony should have been excluded under Rule 403 and that it was impermissible character evidence because it was not proof of another crime under Rule 404(b). However, Moore did not object to this testimony on these grounds, but on relevance. If a party wants to later claim that the district court erred in its evidentiary ruling, an objection must be made to the evidence, stating the specific ground for objection. Fed. R. Evid. 103.
 
 
 8
 Further, Moore's challenge to this testimony on 404(b) grounds is not proper here because Stevenson's answer was interrupted by his attorney's objection. Therefore, the jury was not presented with any testimony concerning a prior act or crime. Moore also argues that Stevenson's testimony about monitoring people who might "present a danger" may have been unfairly prejudicial. Again, however, Moore did not object on Rule 403 grounds or move to strike Stevenson's comment. Also, Moore did not object to the court's decision to restrict the testimony to an explanation of why Stevenson knew of Moore. Where no objection is made, we will review a trial court's decision to admit evidence for "plain error" affecting a party's substantial rights. United States v. Mendez-Ortiz, 810 F.2d 76 (6th Cir. 1986), cert. denied, 480 U.S. 922 (1987). We do not believe that the district court was derelict in allowing this testimony. Id. at 78. Therefore, it did not commit plain error.
 
 
 9
 Moore also argues that the testimony of Thomas Locastro, a former police academy trainer, along with a letter that Locastro has received from Moore, should not have been admitted because both are irrelevant, prejudicial, and impermissible character evidence. This letter is not identical to the Hamblin letter, but it does outline a Secret Service conspiracy to kidnap Moore. At trial, Moore objected to Locastro's testimony and the letter without stating any particular reason. From the context, the apparent grounds for his objection were that the letter was impermissible character evidence under Rule 404, or if permissible, that it might be more prejudicial than probative. However, the United States argued that the letter would prove identity. The district court agreed and overruled Moore's objection. The letter was then read to the jury. Apparently, the district court believed that the evidence both comported with Rule 404(b), as evidence tending to prove that the same person wrote both the letter to Locastro and the "Hamblin" letter, and that its probative value was not substantially outweighed by the danger of unfair prejudice. Further, the record shows that Moore's attorney knew of the letter Moore wrote to Locastro before Locastro took the stand. Finally, a proper foundation was laid for entering the document into evidence and reading it to the jury. We find, therefore, that the district court did not abuse its discretion here.
 
 
 10
 Finally, Moore contends that because the United States failed to show what addresses or other information Moore actually accessed from the taxpayers' files, the district court should have granted his motion for judgment of acquittal. Essentially, Moore is arguing that the United States did not present any direct proof of what information Moore retrieved when he accessed the taxpayers' files. However, circumstantial evidence is sufficient to sustain a conviction beyond a reasonable doubt. United States v. Frost, 914 F.2d 756, 762 (6th Cir. 1990). Here, the record shows that Sandra Hamblin, Harold Bibb, and Lois Hamblin gave reasons why it was probable that the information in the Hamblin letter could only have come from a previous year's tax return. Internal Revenue Service employees testified about how Moore accessed the taxpayers' accounts, when he accessed them, and what codes he used to access certain information. Therefore, reviewing the evidence in the light most favorable to the government, we believe the record provides sufficient evidence from which a jury could determine, beyond a reasonable doubt, that Moore knowingly and without authorization accessed the addresses, telephone numbers, and/or social security numbers of the taxpayers listed in the indictment, and then disclosed this information.
 
 
 11
 The judgment of the district court is AFFIRMED.