**Clois Ray RHODES, et al., Plaintiffs,**

v.

**MICHELIN TIRE CORPORATION, et al., Defendants.**

**ARGO–COLLIER TRUCK LINES, et al., Plaintiffs,**

v.

**MICHELIN TIRE CORPORATION, Defendants.**

Civ. A. Nos. 79–80, 79–82.

United States District Court, E. D. Kentucky, Covington Division.

June 28, 1982.

Meredith L. Lawrence, Covington, Ky., for plaintiffs.

Ralph F. Mitchell, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This matter is before the court on the motion for a new trial of the defendant Michelin Tire Corporation in a products liability case arising out of a tire blowout. On August 7, 1978, a large over-the-road truck owned by the plaintiff, Argo-Collier Truck Lines, Inc., and driven by the plaintiff, Clois Ray Rhodes, sustained a blowout on I–75 in Northern Kentucky about 15 miles south of Cincinnati, Ohio. The large truck left the road, ran up an embankment and crashed into a house. The driver was severely injured and the truck heavily damaged. This diversity action followed.

The court bifurcated the liability and damages phases of the action. At the liability trial, it was disclosed that the tire tube and flap assembly involved in the actual accident had been inadvertently discarded by the plaintiff Argo-Collier. The jury was instructed that the fact that this evidence was missing could be considered against the plaintiffs. The plaintiffs did, however, offer to introduce evidence of a tearing condition that had developed in 200 flaps taken from Argo-Collier's fleet. These flaps all contained a saw-tooth edge tear, which the plaintiffs theorized developed in the flap involved in the accident and punctured the tube. A "flap" is a liner placed between the wheel rim and the innertube on the large truck tire assembly such as the kind involved here. The jury found that the tire assembly was defectively designed and was a substantial factor in causing the accident. The amount of damages due the plaintiffs remains to be determined.

Defendant vigorously objected to the introduction of the flaps in evidence and raise that objection again here in support of their motion for a new trial. Defendant asserts that the introduction of the tire flaps was error on the part of the court, especially because of the fact that the most probative evidence, the tire involved in the accident, was absent. At the time of trial, the court ruled that defendant's objection was not well taken and now reaffirms that ruling.

It is fundamental that this evidentiary issue is controlled by the Federal Rules of Evidence, even though this is a diversity case and the ruling might change the result.[1] Defendant's concept of relevancy, as it exists under the Federal Rules, is far too restricted. Rule 401 Federal Rules of Evidence reads:

> **"Rule 401. Definition of 'Relevant Evidence'**
>
> " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

As observed by a leading text on these Rules:

> "This Rule defines the term 'relevant evidence.' The definition provides that evidence is relevant if it has *any* tendency to make the existence of a material fact more probable or less probable than it would be without the evidence....
>
> "The important thing for the Judge and for counsel to remember is that the evidence does not by itself have to prove the ultimate proposition for which it is offered; nor does it have to make that ultimate proposition more probable than not. To be relevant it is sufficient that the evidence has a *tendency* to make a consequential fact even the least bit more probable or less probable than it would be without the evidence."[2]

Another work on the Rules observes that the Rule "includes within the compass of 'relevant evidence' all that is logically probative. This definition has rightly been

---

1. *Campus Sweater & Sportswear v. M. B. Kahn Construction Co.*, 515 F.Supp. 64, 98 (1979), aff'd. 644 F.2d 877 (4th Cir. 1981); *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981); *Garwood v. International Paper Co.*, 666 F.2d 217, 223 (5th Cir. 1982). *See* discussion in *Boggs v. Blue Diamond Coal Co.*, 497 F.Supp. 1105 (E.D.Ky.1980).

2. S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual*, p. 85 (3d Ed. 1982).

termed 'generous,' and one whose distinct cast is toward 'broad admissibility.' " [3]

With regard to the problem of similar accidents or product failures, few things could be more relevant in a products action than the occurrence or the non-occurrence of other accidents or failures under similar circumstances. Clearly, evidence of the existence or non-existence of such failures would tend to make the presence of a design defect more or less probable than it would be without the evidence. This is all that is required by Rule 401. Those courts which have passed on the issue have uniformly admitted such evidence where there was a sufficient similarity of conditions and the evidence was not so technical as to cause undue confusion or waste of time. [4]

The correct approach is illustrated by the opinion in *Ramos v. Liberty Mutual Insurance Company.* [5] There, the court held that a previous product failure could be relevant to the manufacturer's "notice of the defect, its ability to correct the defect, [the product's] safety under foreseeable conditions, the strength of the [product], and most especially causation." The court quoted a prior case as follows:

"Whether a reasonable inference may be drawn as to the harmful tendency or capacity [of a product] from prior failures depends upon whether the conditions operating to produce the prior failures were substantially similar to the occurrence in question. The requirement that the prior accident not have occurred at too remote a time is a special qualification of the rule requiring similarity of conditions.

The admission of such evidence is also subject to the reasonable discretion of the trial court as to whether the defendant is taken by unfair surprise and as to whether the prejudice or confusion of issues which may probably result from such admission is disproportionate to the value of such evidence." [6]

In applying Rule 401, heavy reliance is placed on the discretion of the trial judge. Even though the evidence may technically be relevant under the broad definition of the Rule, it may be excluded under Rule 403, if it will be confusing, unduly prejudicial, or involve undue inquiry into collateral matters. [7]

In the case at bar, the flaps admitted were all taken from the fleet of the plaintiff Argo-Collier and had all been used, according to the foundation laid for their introduction, under substantially similar conditions as the tire involved in the accident. The evidence was introduced for the purpose of establishing causation of the accident which is a "well recognized" purpose for the introduction of such evidence. [8]

Although certainly the introduction of the evidence was prejudicial to the defendant, more than this must be shown to justify its exclusion under Rule 403. For exclusion under that Rule, it must be shown that otherwise relevant evidence is for some reason *unfairly* prejudicial. [9]

In the exercise of its discretion, the court determined at the trial that the admission of the evidence was not unfairly

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3.  1 D. Louisell & C. Mueller, *Federal Evidence*, § 91, at 638 (1977).

4.  1 D. Louisell & C. Mueller, *Federal Evidence* § 98.

5.  615 F.2d 334, 339 (5th Cir. 1980).

6.  The quotation is from *Jones & Laughlin Steel Corp. v. Matherne*, 348 F.2d 394, 400 (5th Cir. 1965).

7.  Federal Rule of Evidence 403 reads:
    **Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.**

8.  1 D. Louisell & C. Mueller, *Federal Evidence* § 98, p. 720 *ff.*

9.  *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981); *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980).

prejudicial, unduly cumulative, wasting of time or otherwise within the aim of Rule 403. The court continues to believe that this ruling was correct. The evidence did not trigger extensive inquiry into collateral matters. Defendant had ample notice of the plaintiff's intent to introduce the flaps, and ample opportunity to rebut the inferences plaintiffs argued should be drawn from this evidence. Defendant engaged in intensive cross-examination of Argo-Collier officials and plaintiffs' experts. It should be noted that defendant could also have introduced evidence as to the absence of accidents with its product.[10]

Defendant relies for its position on cases decided prior to the adoption of the Federal Rules of Evidence, which the court finds unpersuasive.[11]

In conclusion, the court has found and finds again that the proffered evidence was relevant under Rule 401 and that there was no reason to exclude it under Rule 403. Therefore, it was properly admitted and defendant's motion for a new trial on the liability phase of the case must be denied. An order to that effect is this day entered.

---

10. *See DeMarines v. KLM Royal Dutch Airlines,* 580 F.2d 1193 (3d Cir. 1978).

11. Defendant places particular reliance on *Olin-Mathieson Chemical Corporation v. Allis-Chalmers Manufacturing Company,* 438 F.2d 833 (6th Cir. 1971), which applied Tennessee law. As pointed out above, the Federal Rules of Evidence control this matter. In any event, the Sixth Circuit has now changed its position, even to the extent of holding that a district court may err in excluding evidence of previous accidents in products cases. *Rimer v. Rock-*well International Corporation, 641 F.2d 450, 456 (6th Cir. 1981). Defendant also relies on *Harris v. Thompson,* 497 S.W.2d 422 (Ky.1973). In addition to the fact that state law would not control here, this case specifically recognizes that "[e]vidence of the occurrence or non-occurrence of other accidents or injuries under substantially similar circumstances is admissible when relevant to certain limited issues, such as the existence or causative role of a dangerous condition ..." 497 S.W.2d at 429.