Duane William MORAN and Marian
Thelma Moran, Appellants,

v.

VERMEER MANUFACTURING
COMPANY, Appellee.

No. 83–2275.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1984.

Decided Aug. 29, 1984.

See also, D.C., 498 F.Supp. 1274.

W. Todd Haggart, Donald R. Hansen, Nilles, Hansen, Magill & Davies, Ltd., Fargo, N.D., for appellee.

Louis P. Comeau, William H. Pickett, William H. Pickett, P.C., Kansas City, Mo., for appellants.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and DUMBAULD,* Senior District Judge.

ARNOLD, Circuit Judge.

Duane William Moran and his wife sued the Vermeer Manufacturing Company in negligence and strict liability for injuries Duane Moran sustained while using a hay baler Vermeer manufactured. The jury returned a verdict for defendant. The Morans appeal, claiming that the District Court[1] should have granted their motion for a new trial on three grounds: 1) defendant failed to disclose information regarding construction and testing of guards for the hay baler, 2) the District Court erred in failing to allow proof of two previous accidents involving Vermeer hay balers, and 3) the District Court erred in instructing the jury on assumption of the risk and contributory negligence. We find no abuse of discretion in the court's evidentiary rulings. As to the instructions, any error committed was harmless. We therefore affirm.

## I.

Duane Moran was injured on July 10, 1979, while using a Vermeer 605C round hay baler. He noticed a large accumulation of hay on the windguard and thought the feeder chain was broken. Moran dismounted from the tractor and walked around to the side of the baler. As he began to brush the accumulated hay off the windguard, his left arm was drawn into the compression rollers of the hay baler, which had not been turned off. He sustained extremely serious injuries. The Morans sued Vermeer for negligence and in strict liability, claiming defective design of the baler. Using a special verdict form, the jury found that Duane Moran was 100 per cent. negligent, that his negligence was the sole proximate cause of his injuries, that defendant was not negligent, and that the baler was neither defective nor unreasonably dangerous.

## II.

We review the District Court's ruling on the motion for a new trial under an abuse-of-discretion standard. *Olson Motor Co. v. General Motors Corp.*, 703 F.2d 284, 289 (8th Cir.), *cert. denied*, — U.S. ——, 104 S.Ct. 240, 78 L.Ed.2d 231 (1983). A strong showing of abuse is required to upset the trial court. *Id.* The Morans argue that the District Court abused its discretion by not granting a new trial after defendant failed to make timely disclosure, in response to discovery requests, of information regarding construction and testing of guards for the 605C baler, and then brought up the matter of guards during the trial. Plaintiffs say they were surprised and forced to change trial strategy mid-stream. Their original trial position was that defendant was negligent or strictly liable because it failed to test guards for the compression rollers on the hay balers. But when the defendant raised the issue of guards at trial, plaintiffs claim they were forced to alter their tactics and argue the defendant tested the baler, knew it was dangerous without a guard, knew a guard was available and economically feasible, and did nothing about it.

Defendant admits that it failed to disclose the fact that two guards were fabri-

* The Hon. Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Hon. Bruce Van Sickle, United States District Judge for the District of North Dakota.

cated and tested in 1975 and 1979. The 1975 guard was constructed by Wiley Poole, an expert engaged as a witness for defendant in *Broussard v. Vermeer Mfg. Co.*, then pending in a Louisiana state court. The 1979 tests were of a prototype guard Vermeer fabricated in connection with a case called *McCann v. Vermeer Mfg. Co.* Vermeer claimed that both guards produced a build-up of crop materials that inhibited baler operation. Defendant says its failure to disclose was not deliberate.

At trial, the fact of the 1979 testing came out when defendant tried to introduce photographs of the prototype guard through Ivan Brand, a Vermeer employee. After objection, the District Court ruled that plaintiffs' claim of surprise was valid, the evidence of the testing by Brand was to be disregarded by the jury, and the photographs were not to be seen by the jury.

The Morans then changed their strategy. They used the Poole guard to rebut Vermeer's contention that it was not feasible to build a guard for the compression rollers that would not impair the function of the baler. Plaintiffs read into the record Poole's testimony from the Broussard trial, and the District Court refused to allow defendant to rebut that testimony. Plaintiffs also called Brand on rebuttal and asked him about the Poole guard. On cross, defendant attempted to ask about the 1979 guard, but, after objection, the court limited cross-examination with reference to the 1979 guard.

While we do not condone even an inadvertent failure to comply with discovery requests, the Morans have not been able to show how they were prejudiced. They have not said that they could have used the testing information to secure additional evidence if they had received it when requested. Even though the Morans found out about the testing late (approximately a week before the trial was over), it appears that all evidence favorable to them regarding the testing was before the jury. In fact, plaintiffs, throughout trial, resisted defendant's suggestion that whatever prejudice might exist could be cured by granting a continuance. It is true that the tardy disclosure forced plaintiffs to change their strategy in mid-stream. We can understand counsel's distress when being faced with this choice. But the District Court is in a much better position than we are to assess the real degree of damage done to plaintiffs in the eyes of the jury. The court's judgment that the damage was not so serious as to require a replay of the entire trial is not so far out of bounds (if it is out of bounds at all) as to justify appellate intervention. We do not believe the District Court abused its discretion in denying the motion for new trial for defendant's failure to disclose testing information.

### III.

▮ Plaintiffs also contend that the trial court erred in excluding the testimony of John Broussard and Roy Mulligan, who were in prior, similar accidents involving Vermeer hay balers. (The trial court found that a man named Blaine Albertson had an accident similar to Moran's, and Albertson's testimony was allowed.) The District Court excluded their testimony on the ground that their accidents were not sufficiently similar to Moran's to show that his hay baler was defective or unreasonably dangerous.

In decisions like this, large latitude must be given the district court. We have reviewed the record and do not feel the District Court abused its discretion.

### IV.

▮ Plaintiffs argue further that the District Court erred in instructing the jury on assumption of the risk and on contributory negligence. Assumption of the risk is a valid defense to a strict-liability action in North Dakota. *Olson v. A.W. Chesterton Co.*, 256 N.W.2d 530, 537–38 (N.D.1977). To prevail on this defense, the defendant must show that plaintiff voluntarily and unreasonably encountered a known danger. The court gave the following instruction:

> The defendant contends the plaintiff assumed the risk of injury from the dan-

gers which the plaintiff contends caused his injury. If you find each of the following propositions, the plaintiff cannot recover:

1. That a dangerous situation existed.
2. That plaintiff knew of the dangerous situation.
3. That plaintiff voluntarily exposed himself to the danger and was injured thereby.
4. That the plaintiff's injury was proximately caused by the known danger.

Designated Record at 143.

 Plaintiff contends that the evidence showed, at most, only that he knew of the general danger created by a machine of this kind. He argues that there is no evidence that he knew there was a danger of his arm's being pulled into the compression rollers while he was trying to brush away hay accumulated on the windguard. There is ample evidence, however, that Moran knew compression rollers in operation would be dangerous. For example, he admitted that he knew it would be dangerous to put his hands near the compression rollers, but nevertheless reached within twelve inches of the rollers while brushing hay downwards through the windguard. He testified that he had read the operator's manual for the baler, and that the manual contained a warning to stop the baler and shut off the tractor engine before attempting adjustments. Moreover, decals on the baler warn operators to keep hands and feet away from the pick-up reel, and to disengage the baler's PTO (power take-off) before leaving the tractor seat. Thus, there was ample evidence to justify the assumption-of-risk instruction.

The trial court did err in instructing the jury on contributory negligence. The North Dakota Supreme Court has held (after the trial in this case) that contributory negligence is not a defense to a strict-liability action. *Mauch v. Manufacturers Sales & Service, Inc.*, 345 N.W.2d 338, 347 (N.D. 1984). The Morans, however, were not prejudiced by this error. A special verdict form was submitted to the jury. The jury found that plaintiff was 100 per cent. negli-

gent, that his negligence was the only proximate cause of his injuries, that defendant was not negligent at all, and that the baler was neither defective nor unreasonably dangerous. These findings require entry of judgment for Vermeer, regardless of any error in submitting the issue of contributory negligence. *Id.*

This was a very serious injury. The trial process was not perfect, but it was fair.

Affirmed.