**John E. RYE, Plaintiff–Appellant,**

v.

**BLACK & DECKER MANUFACTURING COMPANY, Defendant–Appellee.**

No. 88–6099.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 21, 1989.

Decided Nov. 13, 1989.

N. Reese Bagwell (argued), Clarksville, Tenn., W. Douglas Myers, Deatherage, Myers & Haggard, Hopkinsville, Ky., for plaintiff-appellant.

R. David Clark, Linda M. Hopgood, George B. Hocker (argued), Clark, Ward & Hopgood, Lexington, Ky., for defendant-appellee.

Before KENNEDY and WELLFORD, · Circuit Judges; and LIVELY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

In this products liability action, appellant John Rye appeals the District Court's exclusion of evidence of prior injuries allegedly caused by circular saws manufactured by appellee Black & Decker similar to the saw which injured appellant. At trial, appellant claimed the saw was defectively designed in that it did not have a completely closing guard or a riving knife.[1] He also claimed appellee failed to give sufficient warning of the saw's kickback hazard. Because we find that the District Court did not abuse its discretion in excluding the prior accidents, after finding that they were not shown to be "substantially similar," and that no substantial right of appellant was affected, we affirm.

Appellant was injured when the portable 7-¼ inch Black & Decker circular saw he was using "kicked back," amputating a portion of his right hand from the base of his little finger to the tip of his index finger. Appellant was trimming a one-half to three-quarter inch piece of wood from the end of a treated pine board. According to appellant, the saw bound in the wood and kicked itself out. The saw had an upper fixed blade guard and a lower blade guard that exposed approximately one and one-half inches of the blade when in place. The lower guard closed over the blade by spring action so that when the saw was removed from the wood being cut, the guard automatically covered most of the blade. The saw was not equipped with a "riving knife," which is a device used to prevent the blade from binding and kicking back. Appellant proffered seventeen "prior complaints" to show that Black & Decker had notice of problems with the design of the guard and that its saw kicked back. This evidence included letters from customers, civil complaints, and published court opinions. The court found two to be substantially similar enough to warrant admission at trial.[2]

The jury returned a verdict for Black & Decker. Appellant appeals seeking a new trial.

In reviewing the exclusion of evidence concerning prior accidents or incidents, our standard of review is whether the District Court abused its discretion. *Polk v. Yellow Freight System, Inc.*, 876 F.2d 527, 532 (6th Cir.1989); *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1266 (7th Cir. 1988). Under this standard, "the relevant inquiry is not how the reviewing judges would have ruled if they had been considering the case in the first place, but rather, whether *any* reasonable person could agree with the district court." *Id.* at 1266 (quoting *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563 (7th Cir.1984) (emphasis in original)). We are guided by the principles that "heavy reliance is placed on the discretion of the trial judge" in admitting or excluding evidence of prior accidents, *Rhodes v. Michelin Tire Corp.*,

---

1. A "riving knife" is a safety device used on power saws which prevents the wood from pinching the saw blade and binding. Although popular on European-made saws, they are not used by U.S. manufacturers.

2. Although the court allowed in two items, appellant decided not to introduce them for the reason that showing the jury only two might have led them to believe that such accidents were infrequent.

542 F.Supp. 60, 62 (E.D.Ky.1982), and the trial judge's decision is to be given "great latitude." *Moran v. Vermeer Mfg. Co.,* 742 F.2d 456, 458 (8th Cir.1984). A "strong showing of abuse" is required for us to disturb the District Court's judgment. *Id.* at 457.

We note initially appellant's contention that the standard for admitting prior accidents should be relaxed if the accidents are used merely to show notice of a dangerous condition. *See Exum v. General Elec. Co.,* 819 F.2d 1158, 1162 (D.C.Cir.1987); *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1083 (5th Cir.1986). This Court has neither accepted nor rejected this standard, nor is it necessary that we do so for the resolution of this case. Appellant concedes that he sought to introduce the prior accidents to show both notice and causation. Because causation was a component of that which he hoped to prove with the prior accidents, it is not appropriate to relax the standard for admission in the manner urged by appellant. Moreover, there was a sufficient basis for the District Court to exclude the prior accidents even under a relaxed standard, and any error in exclusion did not affect a substantial right of appellant. It would not therefore be sufficient to require a new trial.

■ As a threshold matter, prior accidents must be "substantially similar" to the one at issue before they will be admitted into evidence. *Koloda v. General Motors Parts Div., General Motors Corp.,* 716 F.2d 373, 376 (6th Cir.1983); *Rhodes,* 542 F.Supp. at 62. Substantial similarity means that the accidents must have occurred under similar circumstances or share the same cause. *See Brooks v. Chrysler Corp.,* 786 F.2d 1191, 1195 (D.C. Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 185, 93 L.Ed.2d 119 (1986) ("[e]vidence of prior instances is admissible on the issues of the existence of a design defect and a defendant's knowledge of that defect only if a plaintiff shows that the incidents 'occurred under circumstances substantially similar to those at issue in the case at bar' ") (quoting *McKinnon v. Skil Corp.,* 638 F.2d 270, 277 (1st Cir.1981)); *Hale v.*

*Firestone Tire & Rubber Co.,* 756 F.2d 1322, 1332 (8th Cir.1985) (same); *Rhodes,* 542 F.Supp. at 62. The plaintiff has the burden of proving the substantial similarity between prior accidents and his own. *Lewy v. Remington Arms Co.,* 836 F.2d 1104, 1109 (8th Cir.1988).

■ Upon reviewing the items offered into evidence and the District Court's reasons for excluding them, we conclude that the court did not abuse its discretion.

After examining the evidence, the District Court determined that

in all of these, I find there is some difference in this case and/or just not a sufficient showing of facts in these cases, which would bring them into substantial similarity.

The court went through each proffered item and stated its reasons for not admitting it. The complaints either involved injuries caused by defects other than kick backs (e.g., failure of the blade guard to operate), or they did not describe in sufficient detail the circumstances causing kick backs. The court distinguished these cases when it said

as a general proposition, a lot of these cases are quite a bit different because they pertain to things like a saw hitting a knot in the wood or the saw cutting somebody's arm or leg *but not really telling us the mechanism of how the injury occurred;* and there are a lot of complaints here, which generally describe the saw as being used in the normal course of events when the saw kicked back. There are some suggestions in here that there are safety guards which failed to operate; and in this case, we have primarily two allegations; and those are that the saw should have had a riving knife on it and it didn't and that a portion of the blade is exposed even though the guard is fully closed.

Appellant was injured when his saw kicked back as he was trimming a narrow piece of wood from a board. None of the prior incidents contained sufficient facts for the District Court to find that the circumstances were substantially similar to those in appellant's case. *See e.g., Ed-*

*wards v. Consolidated Rail Corp.*, 567 F.Supp. 1087, 1106 n. 29 (D.C.Dist.Ct.1983) (substantial similarity not shown where plaintiffs "failed to provide any but the most cursory factual accounts of these prior incidents"). The District Court was also well within its discretion to exclude the civil complaints filed against Black & Decker. The court recognized that given the liberal drafting requirements for complaints, it could not be determined what the actual cause of plaintiffs' injury was. These complaints merely alleged that the saw kicked back (complaints of Kelly, Girard, and Zambotti), that the guard was defective (complaints of McDonald, Correa, Roth, Cook, Jones, Free, Patton, Edwin, and Figueredo), and that Black & Decker failed to warn users of such dangers (complaint of Erb). None contained allegations specific enough for the District Court to determine whether they were sufficiently similar to admit at trial.

Even if there were such a showing of substantial similarity, however, the trial judge must "weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility." *McKinnon* at 277. In doing that weighing, the District Court did not find

> a sufficient degree of substantial similarity with the facts at hand in this case and the defect claimed here to permit most of these to go in as evidence. There is a great risk of jury confusion as to what this evidence is to be utilized for.... [S]ince I have only to rely on certain cases and certain complaints and lawyers' written complaints and certain letters which, to some degree, state what happened; but in most cases, not very clearly. I am constrained to not permit most of this to come in.

Thus, the court identified an adequate basis for excluding the prior instances, even if they were similar enough. It did not abuse its discretion.

■ Finally, we conclude that exclusion of this evidence did not deny appellant a substantial right at trial. Under Fed.R. Civ.P. 61, a new trial can be granted for failure to admit or exclude evidence only if a "substantial right" of the party is affected. Appellant sought to use these prior accidents to show that Black & Decker should have been on notice of the propensity of their saw to bind and kick back, and in addition that it should have designed a fully closing lower guard. It is important to note that these prior incidents were apparently not offered in support of appellant's failure to warn claim. Black & Decker acknowledged that they were aware that kick backs were possible with their saws. Andrew Payne, an engineering consultant who worked for Black & Decker, testified that although he had never experienced a kick back, he was aware they occurred. Similarly, John Bennett, another consultant for Black & Decker, testified that Black & Decker was aware that saws kick back. Because Black & Decker did not deny its awareness that kick backs occur, appellant was not harmed by the court's refusal to allow in the prior incidents as evidence that appellee had notice that its saws could kick back.

Nor was appellant harmed by the court's exclusion of prior complaints regarding the design of the lower guard or absence of a riving knife. Black & Decker knew of such design innovations, but consciously chose not to use them. Mr. Payne testified that the lower guard was designed to not fully close; rather it was designed so that it would open automatically when the saw was brought into contact with the wood. A fully closing guard would require the operator to "fight the saw" to get the guard open, making the saw actually "more dangerous" to use. Mr. Bennett also testified that a fully closing blade guard would be more dangerous because the guard would have to be opened manually, reducing control over the saw. In view of this testimony, the prior incidents were not necessary to show Black & Decker had knowledge that fully closing blade guards existed or that someone complained of their absence. Exclusion of these prior incidents was thus not prejudicial to appellant's case.

With regard to riving knives, Mr. Payne testified that although they are used in

Europe, they have inherent problems which justify not placing them on American-made equipment. Mr. Bennett echoed this testimony, saying that as a researcher at the University of Missouri he conducted several studies on the question of saw kick backs and concluded that riving knives not only failed to increase saw safety, but they actually caused more problems, such as binding in the cut. Black & Decker knew of the study and agreed with its conclusion. Hence, the choice not to use riving knives was deliberate. Appellant sought to introduce prior incidents to show that Black & Decker was on notice that kick back problems occur and that they should have been aware that riving knives could reduce that problem. However, because these witnesses for Black & Decker acknowledged that it was fully aware of riving knives and decided not to use them, the exclusion of the prior incidents did not prejudice appellant's case.

The District Court did not abuse its discretion in excluding evidence of prior accidents because they were not substantially similar and would likely result in confusion of the jury as to how that evidence should be used. Furthermore, exclusion of the evidence did not affect a substantial right of appellant at trial, since there was independent testimony showing that Black & Decker had notice of saw kick backs and that it intentionally chose not to use riving knives or fully covered blade guards on its saws.

Accordingly, the judgment of the District Court is AFFIRMED.