**Vincent DE PUE, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., a New York corporation, Defendant.**

No. 1:89–CV–972.

United States District Court, W.D. Michigan.

Oct. 28, 1992.

---

Paul L. Nelson, Mark H. Verwys, Tolley, Fisher & Verwys, P.C., Grand Rapids, MI, for plaintiff.

Gregory M. Kopacz, Dykema Gossett, Detroit, MI, for defendant.

## OPINION

ENSLEN, District Judge.

This case is before the Court pursuant to defendant's motion in limine to exclude evidence of other incidents. The facts of this dispute need not be recited in detail by the Court, as they are well known by now. For purposes of this motion, however, the following facts are worth mentioning: Plaintiff was injured on November 23, 1986 when he fired a J.C. Higgins Bolt Action, Model 10 Shotgun, No. 583.17A. The cause of this accident is, in large part, the issue in this case. As a part of his proofs, plaintiff seeks to introduce evidence of ten other accidents involving a J.C. Higgins shotgun. As best I can tell, none of these other incidents actually went to trial. Further, no court has made any findings of fact in any of these other cases.

Defendant objects to admission of these other incidents because, among other reasons, (1) this evidence is not relevant under Federal Rule of Evidence 402; and (2) the probative value of this evidence is substantially outweighed by its prejudicial effect under Federal Rule of Evidence 403. Further, admission of this evidence would waste the Court's time—that is, it would result in ten separate mini-trials.

Plaintiff argues that the evidence of other incidents is admissible because it is relevant to prove that his shotgun was defective; that the defect caused his injuries; and, that defendant had knowledge of the defects.

### Standard

Evidence of similar incidents or accidents is admissible to prove the existence of a particular defect, to prove causation, or to prove defendant's knowledge of the danger. *Koloda v. General Motors Parts Division*, 716 F.2d 373, 375–76 (6th

Cir.1983). Evidence of similar incidents or accidents is only admissible, however, if the conditions in effect during the past incidents are "substantially similar" to those at the time of the incident in question and the two events arise from the same cause. *Id.* at 376; *Lohr v. Stanley–Bostitch, Inc.,* 135 F.R.D. 162, 164 (W.D.Mich.1991) (quoting *Pettyjohn v. Kalamazoo Center Corp.,* 868 F.2d 879, 881 (6th Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 103 (1989) (applying Michigan law)). The burden of proving "substantial similarity" rests with the party seeking to introduce the evidence of other incidents or accidents. *Rye v. Black & Decker Mfg. Co.,* 889 F.2d 100, 102 (6th Cir.1989).

▪ If the moving party proves that the prior incidents are substantially similar to the accident in issue, "the trial judge must [still] weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility." *Id.* at 103.

## Discussion

▪ First, I must decide whether plaintiff has met his burden of proving that the ten other incidents are "substantially similar" to the accident in issue here. If plaintiff meets this burden, then I must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility. That is, I must balance the interests under FRE 403. While this test is set up as a two-pronged analysis, I find that the issues ("substantially similar" and FRE 403) merge, as can be seen below.

As I interpret the law in this area, plaintiff must at least show that the alleged defective products were substantially similar—and—the cause of the accidents were substantially similar. Plaintiff cites that following facts to the Court in support of his argument:

1. Each accident involved a J.C. Higgins Bolt Action Model 10 12–gauge shotgun.
2. Each accident involves a gun designed and manufactured exclusively for Sears by the same company, High Standard.
3. Each accident involves a gun manufactured between 1950 and 1955 and placed in the stream of commerce by Sears.
4. Each accident involves a gun which had a barrel/receiver component with a single bolt retaining lug.
5. Each accident involved a gun which had a barrel/receiver component with the same Sears' part number, 200.
6. In each accident, the bolt of the J.C. Higgins shotgun sheared off, allowing the bolt to fly back into the face of the user.

Additionally, plaintiff argues that various experts will testify that, in their opinion, in six of the ten other accidents the cause of the accidents were similar to each other, and possibly similar to the gun used by plaintiff. This testimony has never been considered by a jury, nor has its credibility been considered by any court.

Defendant argues that the causes of the other accidents are not known. Additionally, the cause of the accident in this case is not known—in fact, as mentioned above, this is one of the main issues in this case. Thus, defendant argues, the other cases are not substantially similar. In support of its argument, defendant points the Court to a United States District Court case from the Middle District of Pennsylvania, *Shay v. Dynamit Nobel, Dynamit Nobel of America, Inc. and Huls America, Inc. v. Sears, Roebuck and Co.,* 3:CV–90–1656 (October 11, 1991). While this decision is not binding on this Court, it is certainly instructive. Interestingly, *Shay* addresses the same issue as in the case before this Court. Further, *Shay* involves the same defendant, a similar shotgun, the same type of injury, the same factual arguments (e.g., the same prior accidents) and the same legal arguments as in the matter before me. Judge McClure handled this issue as follows:

Significantly, the instant matter does not involve an accident for which the immediate cause can be readily identified. i.e.

release of the safety. In the instant case, the bolt of the J.C. Higgins shotgun sheared backward into the user's face upon firing the weapon. This can be caused by a variety of conditions, each depending on different variables. Three possible causes which readily come to mind are 1) an obstructed barrel, 2) a defective chamber or 3) faulty ammunition. Dynamit and Huls claims that the bolt assembly or chamber of the J.C. Higgins Shotgun is defective and that the prior accidents occurred as a result of this defect. However, the known facts surrounding the previous accidents are not sufficient to rule out other causes not involving bolt assembly. In addition, the J.C. Higgins Model 10 series shotgun was manufactured in the 1940s and 1950s, which raises several concerns as to the maintenance of the weapon by its owner. Based on the foregoing, the court finds that the prior accidents were not sufficiently similar to warrant their admission in the instant case on the issues of causation and notice. Accordingly, Sears' motion will be granted.

*Shay* at 4.

I agree with the reasoning of Judge McClure. The facts surrounding the other accidents are not sufficient so as to rule out other causes. Further, the cause in the instant matter "can not be readily identified." *Id.* As I stated above, it appears that none of these other incidents actually went to trial. Further, no court has made any findings of fact in any of these other cases. Thus, at best we are left with speculation as to the causes of these other accidents. Plaintiff has not met his burden of proving that these other accidents were substantially similar.

As I discussed above, the "substantially similar" issue merges with the analysis under 403. On the facts of this case, including the knowledge about the other accidents, it can not be said *prima facie* that the cause of the other accidents were substantially similar to the cause of the accident here. As Judge McClure noted, there is a lot of speculation and disagreement as to the causes of the other accidents. Similarly, there is disagreement as to the cause of the accident here. In this case, plaintiff essentially seeks to prove that the other accidents were substantially similar by getting into this issue *at the trial.* In plaintiff's brief, he argues that he will call experts who will testify about the causes of the other accidents. Plaintiff's Brief at 6–7. Of course, if plaintiff is allowed to do this, defendant will call various experts and/or put on various proofs to counter each and every other accident that is presented to the jury. As a result, this Court will be hearing ten additional cases, instead of the one that is before me. Thus, I am confronted with the 403 issue—whether confusion of the issues and undue expenditure of time in the trial of collateral issues will occur in allowing plaintiff to pursue the causes of the other accidents at this trial.

Defendant argues that confusion and undue expenditure of time on collateral matters will occur. Plaintiff too appears to understand that a large amount of time will be spent on collateral issues, but argues that this is a good thing: "the extra time it takes to discuss these other ten (10) accidents may effectively streamline or eliminate all future litigation concerning defective J.C. Higgins Bolt Action Model 10 12–gauge shotguns." Plaintiff's Brief at 8. I disagree with plaintiff's reasoning. This case is not a class-action. While plaintiff *may* have evidence as to the causes of the other accidents—and this evidence *may* prove that the other shotguns were defective, those other incidents are *not* the issue in this case. That is, they are not relevant to this proceeding. The issue before this Court is whether the gun used by defendant was defective.

### Conclusion

I will grant defendant's motion in limine to exclude evidence of other incidents. I do so because I find that plaintiff has not met his burden of proving that the other incidents are substantially similar to the accident here. Moreover, allowing plaintiff to attempt to prove that the other incidents are substantially similar to the accident at issue here during the course of this trial would result in ten not-so-mini-but-actually-

large sub-trials. Under FRE 403, I find that the likelihood of jury confusion, along with the undue expenditure of time on these other issues, substantially outweigh any probative value to be gained from this evidence.