Re: **Bridget A. DESROSIERS, et al.**

v.

**MAG INDUSTRIAL AUTOMATION SYSTEMS, LLC, et al.**

**Civil No. WDQ–07–2253.**

United States District Court,
D. Maryland.

Dec. 23, 2009.

---

Charles C. Parsons, Esq., Washington, DC.

Blair A. Jones, Esq., Harold J. Friedman, Esq., Friedman, Gaythwaite, Wolf & Leavitt, Portland, ME.

SUSAN K. GAUVEY, United States Magistrate Judge.

Dear Counsel:

Pending before the court is the scope of permissible discovery of other incidents involving G & L products in this product liability case. *See* Motion to Modify Discovery Order or, in the Alternative, for Extension of Time. (Paper No. 109). For the reasons set forth below, the Court GRANTS in part and DENIES in part the motion.

Plaintiffs brought this case pleading negligence, breach of warranty, and strict liability counts. (Paper No. 4–2). Specifically, plaintiffs assert that decedent "was operating near the point of operation of the Defendants' unguarded and unsafe machine tool product [the HBM Model No. 340–T] and was caused to encounter the whirling shaft of [the machine.]" Plaintiffs allege that the machine was without requisite safety device or adequate warning. (Paper No. 4–2, ¶¶ 3, 5–7).

Plaintiffs further describe the subject incident as follows: "Mr. Desrosiers' clothing became entangled in the unguarded rotating spindle of a G & L Model 340–T Horizontal Boring and Milling Machine. The decedent was reeled into the rotating shaft of the G & L product and he was killed. This action focuses upon the unguarded rotating shaft and upon how, had a guard or another known safety device been used to preclude Mr. Desrosiers' contact with the rotating spindle, or to arrest the spindle rotation in the event of human contact, Mr. Desrosiers would be alive today." (Paper No. 122, 2).

Defendants further describe the incident, stating that: "Mr. Desrosiers, instead of using the available safety device, the draw key, to hold a tool in place in the spindle, as he should have, instead inserted the drift pin into the draw key slot. The drift pin in this instance was a nine inch piece of metal that was wedge shaped and came to a point at the end. The spindle was approximately three inches in diameter so the nine inch drift pin extended from the surface of the spindle several inches on either side." (Paper No. 120, 2).

For purposes of determining the proper scope of discovery (and in the absence of any factual stipulations or findings), the Court shall consider the facts as alleged by plaintiffs.

Plaintiffs served a request for production in conjunction with a Rule 30(b)(6) deposition asking for documents regarding 11 open product liability cases referred to in G & L congressional testimony and documents related to occurrences involving entanglement of clothing or body parts of operators and bystanders in the spindle or rotating shaft of a G & L horizontal boring machine. (Paper No. 120, 3–4).

Defendants objected to the production of these documents on the grounds of irrelevance, attorney/client privilege, self critical analysis privilege, and work product doctrine, but failed to provide any privilege logs or to provide any legal or factual support for its irrelevance and other objections.

By Letter Order dated September 29, 2009, in conjunction with a ruling on the scope of the Sitterly deposition, I ordered defendants to prepare a privilege log on all responsive documents withheld on the basis of privilege. Thereafter, defendants filed a Motion to Modify Discovery Order or in the Alternative for Extension of Time (Paper No. 109), stating *inter alia*, that preparation of the privilege log (then underway) was extraordinarily time consuming and that many of the documents were completely irrelevant to the case. (*Id.*). While defendants had failed to raise and

support a burdensomeness objection or support the irrelevance objection previously, the briefing (and argument) suggested that indeed the request was possibly impermissibly broad, imposing a burden on defendants unjustified by any appropriate definition of relevance. Defense counsel can be faulted for his *seriatim* raising of objections-resulting in delay in the litigation. At the same time, plaintiffs' counsel's failure to reasonably tailor its requests necessarily engenders defendants' objection. Why for example, plaintiffs' counsel would press for documents relating to cases of asbestos exposure in this case is entirely mystifying and unsupportable.

By Order dated December 1, 2009, the Court ordered, for all of the above referenced cases or occurrences, that defendants provide the make and model of the machine involved, description of the incident and whether the incident was substantially similar to the subject incident, and if not, why not. Defendants did so. (Paper No. 120).[1] Plaintiffs filed a memorandum on the issue, but despite the Court's invitation to address the specific incidents that defendants had identified on the substantial similarity question, plaintiffs declined to do so. (Paper No. 122).

## Analysis

This Court faced a very similar discovery issue several years ago and decides this issue under the framework and authorities set out in *United Oil Company, Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404 (D.Md.2005).[2]

 The burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules. *Id.* at 411. By contrast, at trial it is the offering party that bears the burden of demonstrating relevance, including, in this context, the "substantial similarity" of other incidents, claims, or lawsuits. *Id.* at 411–12. However, when challenged, threshold or apparent relevance must be established and, if established, the burden shifts back to the resisting party to show "lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under FED. R.CIV.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery." *United Oil,* 227 F.R.D. at 412.

Here, defendants failed initially to explain their boilerplate relevance objection; only belatedly explaining when the burden of preparation of a privilege log on what they clearly perceived as irrelevant incidents became apparent. The Court might have found the objection waived had not some of the requests appeared on first glance to lack even threshold relevance.

Unlike some other courts, *see, e.g., Barcenas v. Ford Motor Co.,* Civ. No. 03–4644–RMWE, 2004 WL 2827249, *5, 2004 U.S. Dist LEXIS 25279, *8 (N.D.Cal. Dec. 9, 2004), this Court does not impose on the requesting party the burden of establishing the substantial similarity of the requested incidents and lawsuits subject at the *discovery* stage of the litigation. That is a very rigorous process, often necessitating expert testimony. Ordinarily, that can and should be reserved for trial, or by

---

**1.** Plaintiff filed a Motion to Strike Defendants' Brief in Support of Objection to Production of Documents Regarding Prior Incident/Accidents That Are Not Substantially Similar to the Accident in This Case. (Paper No. 122).

Since the Court invited defendants to file this brief, the Court DENIES the motion.

**2.** The Court has reviewed the case law since 2005 and finds its analysis and conclusions remain correct.

motion in limine. At the same time, this Court is not prepared to compel discovery of incidents which bear no apparent relationship to the issues of "notice, the magnitude of, the danger involved, the opposing party's ability to correct a known defect; the product's lack of safety for its intended uses ... standard of care, or causation in this case." 3 LOUIS R. FRUMER & MELVIN I. FRIEDMAN, PRODUCTS LIABILITY § 18. 02[1][b].[3] Therefore, viewing the relevance of the requested discovery liberally, but under relaxed substantial similarity criteria, the Court finds only some of the requests sufficiently relevant to the claims to justify production.

Plaintiffs appear to want this information to prove that defendants had notice of the danger that this product posed (not causation, for example). Plaintiffs state that: "discovery has focused upon what knowledge G & L possessed, or should have possessed, concerning the danger its products presented to users." (Paper No. 122, 2).

A leading treatise on products liability law sets out the framework for substantial similarity decisions:

> The requisite degree of similar[it]y depends on the purpose for which the proof is offered. Substantial similarity is especially important in cases in which the evidence is proffered to show the existence of a dangerous condition or causation. This is because as the circumstances of other accidents become less similar to the accident in question, the probative force of such evidence decreases. At the same time, the danger that the evidence will be unfairly prejudicial remains. If evidence of other accidents is used to prove notice or awareness of the dangerous condition, then the substantial similarity rule may be relaxed, and the similarity issue be-

comes one going to the weight of the evidence. Still, the circumstances of the previous accident must be such as to call the defendant's attention to the dangerous situation that resulted in the litigated accident.

3 FRUMER § 18. 02[1][b].

■ However, the author notes, correctly in my view, that

> It is not enough that the occurrence of previous occurrences involved the very product at issue in the current litigation. Note that the proper inquiry may be the similarity of the previous *incidents:* the prior occurrences need not involve the exact same *product* to be admissible.

*Id.* (emphasis in original). Rather, courts look to see whether the "salient characteristics" of the subject incident and prior incident are the same, *Bryte v. Am. Household, Inc.,* 429 F.3d 469, 479 (4th Cir.2005), or whether "the accidents [ ] have occurred under similar circumstances or share the same cause," *Rye v. Black & Decker Mfr. Co.,* 889 F.2d 100, 102 (6th Cir.1989), or whether "[d]ifferent models of a product ... share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." *Fine v. Facet Aerospace Products Co.,* 133 F.R.D. 439, 441 (S.D.N.Y.1990).

■ Thus, this determination demands an inquiry into the products involved, the similarity of the incidents, the mechanisms of injury, and legal issues. Here, the product was the G & L Model 340–T Manual Horizontal Boring Mill. Its "salient characteristic" was a rotating spindle. The mechanism of injury was entanglement of the operator with the spindle. According to plaintiffs, there was no guard or other safety device in place to prevent entanglement. Plaintiffs pose the question

---

**3.** FED R.CIV.P. 26 does permit discovery beyond the claim or defense to the subject matter where good cause is shown. The Court finds no good cause.

of whether G & L was on notice of the dangerous nature of this machine in the absence of a guard or other safety device. Case law instructs that relevant evidence is not limited to incidents involving the exact same machine. *See, e.g., Bryte*, 429 F.3d at 479; *Rye*, 889 F.2d at 102; *Fine*, 133 F.R.D. at 441. If other products bear the salient characteristic, here a rotating spindle or similar rotating part, incidents involving them may provide relevant evidence.

■ Further, if an incident suggests that the lack of a guard may have contributed to the entanglement, that incident may provide relevant evidence even if the machine involved is not a boring machine as in some of these incidents. Finally, the case law and treatises clearly instruct that at the discovery stage, and especially if the evidence is sought for purposes of showing notice, substantial similarity should be liberally defined. *See, e.g., Benedi v. McNeil–PPC, Inc.*, 66 F.3d 1378, 1386 (4th Cir.1995) ("When prior incidents are admitted to prove notice, the required similarity of the prior incidents to the case at hand is more relaxed than when prior incidents are admitted to prove negligence."); *Id.* § 18.02[1][b] ("If evidence of other accidents is used to prove notice or awareness of the dangerous condition, then the substantial similarity standard may be relaxed ...."). Similarly, there appears to be a relaxation of the standard where a design defect is alleged. FRUMER § 17.01[1][c] ("When a design defect is at issue, a plaintiff is entitled to an even broader scope of 'relevant' information during discovery ... Courts routinely permit discovery of similar, if not identical, models in products liability litigation.").

■ Accordingly, the Court makes the following rulings on the incidents at issue:

*Wedlock v. Giddings & Lewis*[4]—produce.

Although this case involved a different model, it did involve a rotating spindle and entanglement and likely the question of a guard or shield was implicated.

*Hernandez v. Cincinnati Bickford*—produce.

This is a closer case, but given the somewhat incomplete description of the incident and the fact that a rotating part was involved and likely the question of a guard or shield was implicated, these documents should be produced.

*Speed v. Giddings & Lewis*—produce.

While the facts seem significantly different than in the subject case, the incident did involve a rotating spindle on another boring machine and likely implicated the question of a guard or shield.

*Mitchell v. Fadal*—produce.

This also is a close case, but the incident appeared to involve a rotating part and again likely implicated the question of a guard or a shield.

4. At her deposition, Ms. Sitterly explained that she did not bring materials in all of the 11 open cases identified in her congressional testimony because, in her opinion, they "are not discoverable information because they're not similarly related to this instance." (Paper No. 122, 11). Regrettably, defense counsel did not offer to describe the other incidents to plaintiffs' counsel (as the Court has ordered now) to see if some agreement could be reached. Plaintiffs' counsel could hardly be expected to accept in-house counsel's opinion on similarity without some verification. At the same time, those 11 cases were not "by definition" relevant. As I understand it, those were simply the 11 open product liability cases that G & L had at the time of the congressional testimony. This is another example where, had counsel worked together collegially, the issues could have been resolved or at least narrowed, resulting in less delay and expense.

*Patton v. Fadal*—do not produce.

No rotating spindle or other rotating part was involved in the case. The mechanism of injury was significantly different and the facts of the case were very different.

*Industrial Risk Insurers v. Giddings & Lewis*—do not produce.

There was no rotating spindle, no entanglement, and no apparent implication of a guard or shield issue.

*Bauer v. Giddings & Lewis*—do not produce.

The injury is exposure to asbestos which, of course, is a different injury and obviously a different mechanism of injury.

*Marco v. Giddings & Lewis*—do not produce.

As in the prior case, the injury was exposure to asbestos and the mechanism of injury was, of course, markedly different than in this case.

*Barvir v. Robert Sinto Corp.*—do not produce.

There was no rotating spindle or other rotating part. The mechanism of injury was very dissimilar and there appears to be no guard or shield issue implicated.

*Anderson v. Giddings & Lewis*—do not produce.

The facts are too dissimilar from the subject case and the mechanism of injury was radically different.

*Wzorek v. Gischolt Machine Company*—do not produce.

As described, this involved the use of a static tool to cut rotating parts. Accordingly, there was no rotating spindle or other part and there did not appear to be any issue of a shield or guard. Moreover, the facts of the injury, though involving entanglement, appear too dissimilar to be relevant. It appears that the rotating table entangled the worker, not the rotating spindle or part of the subject turret lathe of the Gischolt Machine Company.

*Farrell v. Kearney & Trecker*—produce.

While this is one of the closer cases, it should be produced because the accident involved a rotating spindle and likely implicated the question of a sufficient shield or guard. The specific operation being performed at the time of the accident is not determinative of the possible relevance.

*Kerston v. Giddings & Lewis*—produce.

This case involves both a rotating spindle and entanglement and likely implicated the issue of adequate shield or guard. Foe-do not produce.

The mechanism involved was a handheld tool. While it has a socket on a rotating bit, the machine itself is too dissimilar to the subject machine in this case.

*Torres v. Kearney & Trecker*—produce.

This also is a close case, but given the somewhat incomplete description of the incident and the fact that the machine included a rotating spindle and there was an entanglement, the documents should be produced.

Accordingly, the Motion to Modify Discovery Order (Paper No. 109) is granted in part and denied in part. Defendants shall prepare a privilege log conforming to the rules and case authority for the documents related to the above incidents no later than January 8, 2010. Counsel should confer the week of January 11. Plaintiffs' counsel shall file any motion to compel by January 18; defense counsel shall respond by January 25. The parties should reserve on their calendars Monday, February 1, 2010, at 3:00 p.m., for a hearing on the motion, if filed. In its motion to modify, defense counsel stated that it had completed almost 50% of the log. Defense counsel shall submit to plaintiffs' counsel as soon as possible but no later than De-

cember 29, that portion of the privilege log completed on any of the incidents.

Additionally, defendants filed an "Assented to Motion to Extend Deadline for Filing of Dispositive Motions (Paper No. 111)". The motion is GRANTED insofar as new pretrial dates are set forth below.

Based on the above discovery schedule and in light of the August, 2007 filing date of this lawsuit, the discovery/status report deadline is extended to March 5, 2010. Requests for Admission are due March 12, with responses due 14 days thereafter.[5] The dispositive pretrial motion deadline is April 2, 2010. No motions for further postponements of pretrial schedule shall be granted, except on the gravest of bases.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

---

**5.** Defendant had filed a Consent Motion for Extension of Time to Respond to Plaintiffs' Request for Admissions. (Paper No. 112). The Court GRANTS this motion insofar as it has amended the pretrial schedule.